JOHN BURGIN v. GEORGE DOUGHERTY, AND ROBERT COLEMAN, MINOR, BY D. W. HARRISON, GUARDIAN AD LITEM.

(Filed 11 December, 1929.)

APPEAL by defendant, Dougherty, from *Johnson, Special Judge,* at June Term, 1929, of BUNCOMBE. No error.

*J. Scroop Styles for plaintiff.*
*Zeb. F. Curtis for defendant Dougherty.*

PER CURIAM. This is a proceeding for the partition of real estate. The plaintiff alleges, and it is not denied, that Spencer Burgin was the owner in fee of the land in controversy. He died leaving surviving him his widow, Jane Burgin, who has a dower interest in the land, and the plaintiff and his (Spencer's) daughter, Mary Burgin Dougherty. On 10 June, 1920, Mary Burgin Dougherty and her husband, George Dougherty, the appellant, legally adopted the defendant Robert Franklin Coleman as their child and heir at law. Mary Burgin Dougherty died leaving no child of her own, and it is alleged that Robert Franklin Coleman is her only heir. Answers were duly filed by the defendants and upon the trial only one issue was submitted to the jury, and in response it was found that the plaintiff is the owner and entitled to a one-half undivided interest in and to the land described in the complaint. Thereupon judgment was rendered for the plaintiff and the defendant Dougherty excepted and appealed.

We have examined all the exceptions of the appellant and are of opinion that the case has been tried in substantial compliance with the law. The only exceptions which require special notice are those relating to the exclusion of evidence offered by the appellant tending to show general reputation in the community as to the maternity of the plaintiff. This evidence was rejected on the ground that such relation must be established by evidence tending to show reputation in the

family of the parties concerned. *Ashe v. Pettiford,* 177 N. C., 132; *Turner v. Battle,* 175 N. C., 219; *Erwin v. Bailey,* 123 N. C., 628. See, also, *Jelser v. White,* 183 N. C., 126. We are of opinion that the exceptions to the instruction given the jury are not such as to require another trial.

No error.