JERRY M. BUNCH v. FOREMAN BLADES LUMBER COMPANY.

(Filed 12 September, 1917.)

1. **Master and Servant—Employer and Employee—Negligence—Evidence—Trials.**

    Evidence is sufficient upon the issue of actionable negligence which tends to show that the defendant employed the plaintiff, inexperienced in such work, to sweep and clean the shavings from his planing machines; that within the week, the plaintiff was injured by having his arm drawn through a dent or aperture of an old and defective hood, which could readily have been replaced or made safe, to an old and infrequently used planer, caused by a powerful suction to carry off the shavings, augmented by the swiftly revolving knives within the hood, and while removing from the hood an accumulation of shavings which stuck to and concealed the defect in the hood of which he was unaware.

2. **Same—Inspection—Duty of Master—Notice.**

    It is evidence of gross negligence for an employer to permit a planing machine to remain out of order for years and subject his employees thereat to the danger of the exposed and rapidly revolving knives; and notice of the defects will be implied from their long continuance, which a performance of his duty to inspect would reasonably have revealed.

3. **Master and Servant—Contributory Negligence—Trials—Instructions.**

    When the evidence is conflicting as to whether the defendant had furnished the plaintiff, his employee, a safe appliance to remove the shavings

from a planer and had instructed him to use it, and that the injury complained of was caused by the failure of the plaintiff to obey this instruction, a charge to the jury is not open to the defendant's objection, that the plaintiff cannot recover should the jury find that the plaintiff violated this instruction, and such caused the injury complained of or contributed to it.

**4. Guardian and Ward—Compromise—Consideration—Fraud.**

A ward is not bound by a compromise of his general guardian of the former's claim for damages for a personal injury, unless made with the sanction of the court to which the guardian should account; and in no event when the compromise is due to the gross negligence of the guardian, or in bad faith, is manifestly unfair to the ward, and for a grossly inadequate consideration; and when such are found to be the facts, legal fraud will be inferred and the compromise will be set aside without a specific finding of actual fraud.

**5. Guardian and Ward—Compromise Set Aside—Credit—Guardian's Liability.**

Where a compromise made by a general guardian of his ward's claim for damages for a personal injury has been set aside by the court, the amount paid thereon will be allowed as a credit to the defendant in the action, and made a charge against the guardian and his bondsman.

CIVIL ACTION tried before *Daniels, J.,* at January Term, 1917, of CURRITUCK, upon these issues:

1. Was the plaintiff Jerry Bunch injured by the negligence of the defendant Lumber Company, as alleged? Answer: "Yes."

2. Did plaintiff Jerry Bunch by his own negligence contribute to his injury, as alleged in the answer? Answer: "No."

3. What damage is plaintiff Jerry Bunch entitled to recover? Answer: "$5,000."

4. Did Joseph H. Bunch, after qualifying as guardian for said Jerry M. Bunch, then a minor, make settlement and execute the release dated 9 September, 1912, and introduced as exhibit in this cause? Answer: "Yes."

5. Was said release obtained by the fraud and undue influence of defendants, as alleged? Answer: ................

6. Was the compromise and release executed by said Bunch, Sr., made in the exercise of ordinary attention and honest judgment? Answer: "No."

7. What was the consideration actually paid for said release to said guardian for the benefit of said Jerry Bunch? Answer: "$400."

8. Was said release obtained for a grossly inadequate consideration? Answer: "Yes."

9. When did plaintiff Jerry Bunch become 21 years of age? Answer: "18 July, 1916."

From the judgment rendered defendant appealed.

*Ehringhaus & Small for plaintiff.*
*Aydlett & Simpson for defendant.*

BROWN, J.   We will not undertake to discuss the sixty-one assign-
ments of error presented in this record.   In the main, they represent
three propositions: Whether upon all the evidence there was any negli-
gence; whether upon all the evidence plaintiff was guilty of contribu-
tory negligence; and whether the attempted settlement by guardian was
conclusive.

The evidence of negligence is abundant.   That of plaintiff tends to
prove that he was an inexperienced hand, 21 years of age, employed
in defendant's mill to clean up shavings and keep the shavings clear
from the planing machines and to rake them over to a blow-pipe, where
they were carried off by suction.   If one of the men who was oper-
ating one of the machines went out temporarily he was to take his
place at the machine.   He was put to work in a large room where
those and other machines were in operation.

Boards are carried into the machines on a roll-way.   Above the
plane of the roll-way is one set of planer knives revolving on an axle,
which planes or smoothes the upper surface of the board; passing
through the machine and below the plane of the roll-way is another
set of revolving knives which serves the same purpose for the lower
surface of the board.   These knives revolving at a great speed are
protected by a cone-shaped galvanized hood both above and below, and
the largest part of the shavings, which are thrown off by the action
of the knives, are drawn through these hoods by a powerful suction
into pipes leading from their apexes to other parts of the mill.   The
other shavings find their way out and cluster on the greasy, sticky
machinery or fall on the floor about the machines, and were supposed
to be raked to other suction pipes by plaintiff.   If the hoods fit up
close, flush with the surface of the roll-way, it is impossible to come
in contact with the knives.

The evidence tends also to show that the particular machine at which
plaintiff was hurt was a very old one, not constantly but occasionally
used, and the hood, which could have been easily and cheaply replaced,
was old and had been for some time worn out; that though the hoods
on other machines had been removed and replaced by newer ones,
*nothing had been done to this one for ten years;* that there was at the
time of injury, and had been for some time prior thereto, a large hole
or dent an inch or an inch and a half or two inches wide where the
lower hood had slipped or shaken down, and which also was cracked
and bent in; that this break was apparently an old one; that it fre-
quently had become stopped or clogged up with shavings; that either

the machine was not carefully inspected, or its broken condition repeatedly passed over; that the gap had gotten so clogged with shavings at time plaintiff was hurt that it appeared to be an accumulation or knot of shavings stuck to the outside of the galvanized hood; that on the Saturday following the Monday he went to work, plaintiff noticed an accumulation of shavings sticking to the outside of the galvanized hood, the plaintiff being entirely ignorant of the defective condition of the hood and of the existence of the hole and dent which had become clogged by shavings; and pursuant to his instructions to keep the machines clear of shavings, and in the line of his duty, he attempted to brush off these shavings from the hood, when instantly the suction created by the rapidly revolving knives, supplemented by the suction of the machine designed to draw off the shavings, pulled his fingers, right hand and forearm into the hood through the dent and entirely destroyed the same up to near his elbow, causing the plaintiff great suffering and injury.

That the above stated facts, proven by plaintiff's testimony, taken to be true, constitute actionable negligence is too plain to be discussed.

The hood over the dangerous knives was a necessary protection to the workmen; and it was gross negligence to let it remain out of order for the length of time disclosed by the evidence. An employer of labor is held to the duty of inspecting dangerous power-driven machines used in his factory, and notice to him will be implied from long existing defects in such machines. Cozzins v. Chair Co., 165 N. C., 364; Kiger v. Scales Co., 162 N. C., 136; Labbatt, p. 2711 et seq.

Upon the issue of contributory negligence, the defendant contended that plaintiff was instructed specifically by the foreman to use a rake furnished him for the purpose of raking the shavings away from the machines, and that he was directed not to put his hands on the machine. The defendant contends that while he had been given a wooden rake to rake shavings, no particular instructions had been given him as to how or when to use it, and the rake was not suitable for use in scraping off the shavings from the machine, and that it was impossible to get the shavings out of the aperture in the hood with it.

The judge left this question to be determined by the jury, and his instructions are clear and all that defendant could reasonably ask. He substantially told the jury that if plaintiff violated the directions of the foreman, and that such dereliction of duty caused the injury or contributed to it, plaintiff could not recover.

The third proposition presented by defendant is the conclusiveness of the alleged settlement and release made and executed by the father of the plaintiff as his guardian. It is true that there is authority for the position that a general guardian has authority to compromise a claim

on behalf of his ward, but even in these jurisdictions it is held that the ward is not bound by a compromise which is made in bad faith or which is unfair to him, and an order of court must be first obtained authorizing the compromise if required by statute. 21 Cyc., 74, n. 6; 5 R. C. C. (Compromise and Settlement), secs. 9 and 10.

We are not apprised of any statute of this State which authorizes or forbids a guardian to settle by compromise for an injury to his ward's person. The weight of authority forbids such a settlement without the sanction of the court or officer to whom the guardian must account. Rogers on Domestic Relations, sec. 859; 12 R. C. L., 1130; 22 Cyc., 663.

It has been held by this Court that receivers have no such power (*Temple by Williams,* 91 N. C., 82), but receivers are not vested with the authority of a general guardian. The right of a guardian to settle by compromise without legal sanction for a personal injury to his ward has never been passed upon, so far as we are informed, by this Court. Assuming, however, that the guardian has such authority, the ward is not bound by the compromise when it is due to gross negligence, bad faith, is manifestly unfair to the ward, and made for a grossly inadequate consideration.

In a leading case (*Ordinary v. Dean,* 44 N. J. L., 64) the New Jersey Court, speaking of the power of a guardian, says:

"He stands in the same position as any other trustee, who may generally, acting in good faith, compound and release a debt due the trust estate; and such composition or release for a valuable consideration is *prima facie* valid and effective. If the compromise or release is made without justification or fraudulently or upon a grossly inadequate consideration, the guardian will be answerable for it in his accounts; and such compromise can be impeached upon the trial of the action in which it is presented as a defense by showing that it was not made in good faith but in fraud of his rights." See, also, *Nashville Lumber Co. v. Barfield,* 20 Ann. Cas., 968, where this New Jersey case and other authorities are discussed.

It is true the jury failed to answer the fifth issue relating to specific fraud, but they did find that the guardian failed to exercise *"ordinary attention and honest judgment,"* and that the consideration paid by defendant to the guardian was only $400, and that it is grossly inadequate. Such findings are tantamount to a finding of fraud and do in themselves constitute *legal* fraud and justified the court in declaring the release void. We think, however, that defendant is entitled to credit on the judgment for the $400 paid the guardian. For this sum the guardian and his bond are, of course, liable to plaintiff. Let such credit be entered.

Upon a review of the entire record, we find

No error.