ANNIE McMAHAN and Husband, WILLIAM McMAHAN, v. RACHEL
PENLAND HENSLEY.

(Filed 3 December, 1919.)

**Deeds and Conveyances— Delivery— Intent— Registration— Evidence— Instructions—Verdict Directing.**

The registration of a deed to land is only presumptive evidence of delivery, and where the evidence tends only to show that the intent of the grantor was not to have it delivered until after her death, but had sent it to be registered and received it again, and had kept it continuously in her possession without delivering it, actually or constructively, a charge to the jury is correct, that if the jury found the facts according to the evidence, there was not a legal delivery of the deed and no title passed thereunder.

Civil action, tried before *Webb, J.,* at August Special Term, 1919, of Yancey, upon these issues:

"1. Were the deeds for the lands described in the complaint delivered? Answer: 'No.' "

"2. Are the plaintiffs the owners in fee and entitled to the possession of the lands described in the complaint? Answer: 'No.' "

From the judgment rendered the plaintiffs appealed.

*Hudgins, Watson & Watson for plaintiffs.*
*Charles Hutchins and A. Hall Johnston for defendant.*

Brown, J. As stated by Mr. Watson, the learned counsel for plaintiff, there is but one question presented by the record, and that is, Were the deeds from the defendant to her daughter, Annie McMahan, and her son, S. S. Hensley, delivered?

The plaintiffs claim under the deed from the defendant, Rachel Penland Hensley, the mother of the *feme* plaintiff. The uncontradicted evidence tends to prove that the defendant procured Squire Hutchins to draw the deeds; one to her daughter, the plaintiff, and the other to her son, S. S. Hensley.

The defendant testified that she did not intend to deliver the deeds to the grantees; that she sent them to Burnsville by her youngest son, Andrew, to be probated and recorded; but that the deeds are now locked up in her trunk in her home, and that they have not been out of her possession since they were made, except when Andrew had them recorded.

The plaintiff offered no evidence except the official record of the deeds.

The court charged the jury: "If the plaintiff has shown that the old lady made the deed under the circumstances that she says she did, that the magistrate came to her home and she was there very sick, and it was

her purpose and desire to make the deeds, and she wanted to reserve her life estate, and it was suggested to her by the magistrate that she could do that by making the deed on its face without reservation, and then holding the deeds or put them in the hands of some good man to be delivered to the grantees after her death; if you find she accepted that mode or method, and the deeds were drawn without reservation, being set forth in the deed, and that after being drawn they were delivered to her by the drawer of the deeds, Squire Hutchins; if you find she put these deeds away and the next day she heard one of her sons was going to try to interfere with this arrangement, with what she had done with her property, and try to get hold of the deeds, and if you find that for that reason she told her son to carry them to the clerk's office at Burnsville and have them probated, and then have them recorded, and to bring the deeds back to her, and that pursuant to those instructions her son brought the deeds, and had them recorded, and took them immediately back to his mother, and that she has had them ever since, and that her purpose and intent was not to deliver them until after her death; if you believe that and find those to be the facts by the greater weight of the evidence, then the court charges you there was no delivery of the deeds, and the plaintiffs are not the owners of the land in controversy.

"So taking it that you will find these to be the facts, I instruct you that if you believe all of this evidence that you answer the first issue 'No,' and the second issue 'No.' "

The plaintiff bases her right to recover upon the theory that the probate and registration of a deed is a delivery in law and cannot be rebutted by parole evidence. We think this is going too far. In *Love v. Harbin*, 87 N. C., 252, *Ruffin, J.*, says: "It is not intended to say that the fact of registration is conclusive as to either the execution or probate of the deed, but only *prima facie* evidence." As delivery is a necessary part of the execution of a deed, it follows that registration is only *prima facie* evidence of delivery. *Bryan v. Eason*, 147 N. C., 284, and cases cited in the note to *Love v. Harbin*.

The question of delivery is one of intent, and it was open to the defendant to show that the deed had never been in the possession of the grantee, but had remained in her possession, and was brought back to her as soon as it was recorded. *Helms v. Austin*, 116 N. C., 755.

This Court said, in the case of *Gaylord v. Gaylord*, 150 N. C., 233: "It is a familiar principle that the question of the delivery of a deed or other written instrument is very largely dependent upon the intent of the parties at the time, and is not at all conclusively established by the manual or physical passing of the deed from the grantor to the grantee."

And again the Court said, in the same case: "And the authorities are

uniformly to the effect that in order to be a valid delivery the deed must pass from the possession and control of the grantor to that of the grantee, or to some one for the grantee's use and benefit, with the intent at the time that the title should pass or the instrument become effective as a conveyance."

We concede that when the maker of a deed delivers it to a third party for the grantee, parting with the possession of it without any condition or direction to hold it for him, and without in some way reserving the right to repossess it, the delivery is complete, and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor can defeat the effect of such delivery. *Fortune v. Hunt,* 149 N. C., 359. But all the evidence in this case shows that the defendant did not intend to part with the custody of or control over the deeds. The evidence shows that she had them registered on account of the fear that her son, Columbus Hensley, would destroy them. The defendant sent them by her son, Andrew, for registration, with instructions to bring them back to her. The entire evidence is inconsistent with the idea of an actual delivery of the deeds, and if believed by the jury to be true, it is sufficient to rebutt the presumption of delivery arising out of the registration of the deed.

Affirmed.