WADE RECTOR, BY HIS NEXT FRIEND, ALICE RECTOR, v. THE LAUREL RIVER LOGGING COMPANY.

(Filed 20 December, 1919.)

**1. Summons—Alias—Irregularities—Pleadings—Answer—Waiver.**

Where a summons has been issued more than ten days prior to the commencement of a term of court, but served after it had commenced and no alias issued, and at the next term the complaint and answer have been filed, objection cannot successfully be maintained for failure of the plaintiff to keep up alias summons and for break in the chain thereof, all defects or irregularities in the preliminary process or notice of action being thereby waived by the voluntary appearance of the defendant.

**2. Judgments—Minors—Next Friend—Consent—Actions—Bar—Courts—Approval—Questions of Law—Courts—Trials.**

The next friend of a minor suing to recover damages for an alleged negligent injury has no authority to compromise and adjust the claim without sanction and approval of the court on investigation of the facts, and where a former judgment is set up as a bar to the present action purporting to show that the plaintiff's claim had been settled and compromised by consent, it will not be so considered, as a matter of law, when it appears in the judgment, thus relied upon, that, *prima facie*, it had been made by the parties without the supervision of the court; and when the plaintiff is permitted by the court to reply, and, after setting forth the facts, he avers that the said judgment is colorable and collusive and in fraud and substantial prejudice to the minor's rights, an issue of fact thereon is presented for the determination of the jury.

**3. Same—Pleadings—Fraud—Questions for Jury.**

Where it appears of record that a next friend of a minor had been appointed to enter suit for damages for an alleged negligent injury, and a consent judgment had been entered in a certain sum, reciting a compromise and settlement, etc., which consent was signified by the signing by the attorneys for the parties, this judgment, upon its face, does not pur-

port to have had the interests of the minor investigated and determined by the court, and is insufficient, as a bar to a subsequent action, as a matter of law.

CIVIL ACTION to recover damages for personal injuries to infant plaintiff caused by alleged negligence of defendant company, tried before *Ray, J.,* at May Term, 1919, of MADISON.

On motion, there was judgment dismissing the action, and plaintiff excepted and appealed.

*John C. Hendricks for plaintiff.*
*Guy V. Roberts and Martin, Rollins & Wright for defendant.*

HOKE, J. The court entered judgment dismissing plaintiff's action "for failure of the plaintiff to keep up alias summons, and for a break in said summons," and, from an inspection of the record, finds the following facts in support of the judgment:

"That a summons as issued in this cause, entitled as above, on 9 November, 1918; that same was returnable to the November Term, 1918, of the Superior Court of Madison County, and that said term convened on 25 November, 1918.

"The court further finds that said summons was placed in· the hands of the sheriff of Madison County for service on the defendant on date of 14 November, 1918, being more than 10 days prior to said term.

"The court further finds as facts that said summons was served upon the defendant as required by law under date of 5 December, 1918, or sixteen days after the said November term had convened.

"The court further finds as a fact that the plaintiff caused no alias summons to issue at the November term, or took any order to that effect."

It appears, however, from a further inspection of the record that the sheriff returned the summons into court to the February, the next succeeding, term after said service; that on 27 January plaintiff, appearing by his next friend, filed his verified complaint in the cause, setting forth his claim with great fullness of detail and containing averment to the effect that on 29 March, 1918, while in the employment of the defendant, engaged in their work, he received painful and permanent physical injuries by reason of defendant's negligence, plaintiff's foot being crushed so that it had to be amputated in part, and causing him great pain and suffering, and which wound had never healed, etc., and laying his damages at $3,000; that at the said February term defendant appeared generally and filed his duly verified answer, denying the allegations of negligence, and setting up further in bar of plaintiff's demand a consent judgment of the Superior Court of Madison County, purport-

ing to be in full compromise and settlement of plaintiff's demand. As shown in the well prepared brief of plaintiff's attorney, the purpose of a summons is to notify a defendant of the pendency of the suit against him, and afford him opportunity to defend, and if, as in this instance, he voluntarily appears and answers, the cause is properly constituted and any defect or irregularity in the preliminary process or its service is thereby waived. *Harris v. Bennett,* 160 N. C., 341; *Caldwell v. Wilson,* 121 N. C., 453; *Hervey v. Edmonds,* 68 N. C., 246. In the *Caldwell case, supra,* the position is very well stated by *Associate Justice Douglas,* as follows: "The only effect of the summons is to bring the defendant into court by giving him legal notice, and, if he voluntarily appears without limiting his appearance, he is held to waive a summons and is as completely in court as if it had been served. The court or other tribunal having jurisdiction of the subject-matter has thereafter complete jurisdiction of the person," citing *Wheeler v. Cobb,* 75 N. C., 21, and other cases. And, further, in *S. v. Jones,* 88 N. C., 683-685, this Court has said: "The object of process is to give notice, and an opportunity to make defense to the action. The *scire facias* furnished this notice, and the sureties submitted to the jurisdiction and resisted the demand for judgment. A defendant may appear without process and his appearance dispenses with process, since its purpose is to bring him into court, and he is in court when he appears and defends the action." And in *Myer v. R. R.* it was said by *Reade, J.:* "If no summons had been issued, the filings of a complaint and answer would have constituted a cause in court."

It is insisted for defendant that while these, and other authorities of like kind, may be decisive against the order dismissing plaintiff's suit because of a discontinuance, the judgment should be upheld by reason of facts appearing in the answer, showing that plaintiff's claim had been fully compromised and settled by reason of a consent judgment, appearing in the records of Madison County, in terms as follows:

"Consent Judgment.

   North Carolina—Madison County.

      In the Superior Court—November Term, 1919.

                    (Title of Cause)

   This cause coming on to be heard by his Honor, *P. A. McElroy, Judge* presiding, at the November Term, 1918, of the Superior Court of Madison County, and it appearing to the court that all matters in controversy in this action has been compromised and settled, in consideration of the sum of $535.70, which said sum has been paid in full to the said plaintiff by the said defendant, and the receipt of the same duly acknowledged; it is, therefore, by consent of parties, ordered and adjudged that the said

plaintiff take nothing further by his said action, and that the defendant pay the costs of this action, to be taxed by the clerk. It is agreed by both the plaintiff and defendant that this judgment may be signed by the judge of the Nineteenth Judicial District out of term.

.................................................................,
Judge Presiding.

By consent:
    (Signed)   J. C. RAMSEY, Attorney for Plaintiff.
    (Signed)   GUY V. ROBERTS, Attorney for Defendant."

And the facts appertaining to the entry of this judgment are given in the answer as follows: "That on 14 November, 1918, J. J. Rector, father of the plaintiff, was duly appointed his next friend for the purpose of bringing the action for the injury, the same set forth in the complaint; that he forthwith entered suit for plaintiff and said Wade Rector, by his next friend, J. J. Rector, compromised the case for 535.70, which said amount included the hospital and doctor's bills, etc., and said consent judgment made and entered in pursuance of settlement," etc.

There are well considered decisions here and elsewhere to the effect that a next friend is without authority to compromise and adjust a claim of this character without the sanction and approval of the court on investigation of the facts and that *prima facie* a consent judgment has been made by the parties without supervision of the court. *Bunch v. Lumber Co.*, 174 N. C., 8; *Ferrel v. Broadway*, 126 N. C., 258; *Rankin v. Schofield*, 71 Ark., 168; *Mo., etc., R. R. v. Lasca*, 79 Kansas, 311; 14 R. C. L., 288-89.

In *Ferrell v. Broadway* it was held: "While a consent decree may be entered against an infant, when the facts are developed and found by the court, who adjudges it to be for the best interest of the infant, yet where issues are joined, but no evidence introduced, and no explanation made to enable the court to exercise supervision over the interest of the infants, a consent judgment will not stand." This case was reheard in 127 N. C., 404, but on a different ground, and the principle referred to was in no wise modified or questioned.

In *Ry. v. Lasca*, it was held: "The parent, when acting as next friend for his infant child, who has been regularly made a party to an action, may properly negotiate for an adjustment of the controversy. He cannot, however, bind the infant by such settlement, which can only become effective by due judicial examination and adjudication.

"Where the proceedings in court are merely formal, and are instituted and carried on only to give an apparent sanction to the settlement, and there is no judicial investigation of the facts upon which the right or

extent of the recovery is based, a judgment entered in pursuance of the agreement, and by consent merely, is only colorable, and will be set aside in a proper proceeding when its effect, if allowed to stand, would be to bar the infant's substantial rights."

In *Rankin v. Schofield* it was held, among other things: "A decree which recites that as litigation is likely to be long, and, in order to put an end thereto, and as an amicable adjustment and settlement of a family affair, 'it is hereby ordered, considered, and decreed by the court, as well as by the consent and agreement of all the parties,' etc., shows on its face that it is merely a consent decree, enforcing the compromise of the parties."

On the record as now presented, the principles approved in these and other like cases would seem to be against the validity of this alleged adjustment as a matter of law, but, postponing decision on this question until the facts shall be more fully disclosed, this consent judgment may not be accepted as conclusive, because plaintiff, by leave of court, has filed a reply in the case in which, setting forth the facts, he makes averment that the alleged judgment is colorable and collusive, and in fraud and substantial prejudice of plaintiff's rights. There is direct decision with us that a judgment, purporting to make final disposition of the rights of the parties, may be questioned in this way. *Houser v. Bonsal,* 149 N. C., 51.

The issue of fraud is sufficiently raised in the pleadings, and we are of opinion that the judgment dismissing the action must be set aside, and the cause reinstated that the issues arising in the pleadings may be properly tried and determined. There is error.

Reversed.