EVANGELINE STINCHCOMBE WYATT v. W. C. BERRY, D. A. GREENE, AND THE CAROLINA MINERAL COMPANY.

(Filed 12 July, 1933.)

**1. Judgments K f—**

A judgment void upon its face is subject to collateral attack.

**2. Judgments K d—Judgment against minor not a party to action and whose interest was not presented to Court is not binding on the minor.**

Where an attorney appears in court in an action for the recovery of land, and asks that an infant be made a party to the action and a guardian *ad litem* be appointed for her, which is done, but no service of summons is made on her as required by statute, C. S., 451, 483(2), and the guardian files answer denying the allegations of the complaint, but does not disclose the interest of the infant in the land involved in the action or the facts upon which her interest rests: *Held,* a judgment entered in the action is void as to the infant, it appearing from the record that the interest of the infant was not presented to the court in good faith and was not passed upon by the court.

**3. Judgments K a—**

A consent judgment against a minor is void as to such minor where it appears from the record that there was no investigation by the court of the minor's interest and that the judgment was not approved by the court.

APPEAL by plaintiff from *McElroy, J.,* at November Term, 1932, of MITCHELL. Reversed.

This is an action to recover possession of the tract of land described in the complaint. The said tract of land is situate in Mitchell County,

North Carolina, and is described in the complaint by metes and bounds. It contains 347 acres, more or less, and is known as the Stinchcombe land.

The plaintiff is the only child of Dr. John Stinchcombe by his marriage to his second wife, Mrs. Laura Stinchcombe. She is the sister of Paul J. Stinchcombe, who was the only child of her father by his first marriage. Both her father, Dr. John Stinchcombe and her brother, Paul J. Stinchcombe, are dead, both having died prior to the commencement of this action. Paul J. Stinchcombe, as the only heir at law of his deceased mother, was the owner in fee of the tract of land described in the complaint, subject to the life estate of his father, Dr. John Stinchcombe, who survived him. Plaintiff is the only heir at law of her deceased brother, Paul J. Stinchcombe, and as such is the owner in fee and entitled to the possession of said tract of land, unless she is estopped to recover the same by a judgment rendered in the Superior Court of Mitchell County, at November Term, 1919. The defendants are in possession of said tract of land, claiming title thereto under said judgment. Plaintiff alleges in her complaint that said judgment is void, and is therefore not an estoppel against her in this action.

On 4 September, 1918, a deed dated 22 August, 1918, was recorded in the office of the register of deeds of Mitchell County. This deed purports to have been executed by Paul J. Stinchcombe and his wife, and is sufficient in form to convey the tract of land described in the complaint in this action to T. C. Robinson. All the evidence at the trial, however, shows that this deed is a forgery, and that it was not executed by Paul J. Stinchcombe, but that his name was signed thereto by one Rod C. Lucas pursuant to a conspiracy between the said Lucas and T. C. Robinson, the grantee in the deed.

On 19 February, 1919, an action was begun in the Superior Court of Mitchell County, which was entitled, "T. C. Robinson *v.* Laura Stinchcombe." The plaintiff in that action alleged in his complaint that he was the owner in fee and was entitled to the possession of the tract of land described in the complaint, and that the defendant, Laura Stinchcombe, was in the unlawful and wrongful possession of the same. The tract of land described in the complaint in that action is the same as that described in the complaint in this action. At November Term, 1919, of said court, the defendant, Laura Stinchcombe, filed an answer to the complaint in which she denied the allegations therein. At the said term, on the application of W. C. Berry, who represented himself as an attorney for Evangeline Stinchcombe, it was ordered by the court that the said Evangeline Stinchcombe, who was then an infant of the age of nine years, be made a party defendant in said action, and that J. L. Mc-

Kinney be appointed as guardian *ad litem* for her. No summons was issued in the action for the said infant. Neither she nor her mother, Laura Stinchcombe, with whom she resided in Mitchell County, knew that she had been made a party to the action, or that a guardian *ad litem* had been appointed for her therein. On the same day that he was appointed guardian *ad litem,* J. L. McKinney filed an answer in behalf of Evangeline Stinchcombe, in which he denied the allegations of the complaint. There was no allegation therein that she was in possession of the tract of land described in the complaint, or that she claimed any right, title, or interest therein.

Thereafter, at the same term of the court, at which the answers were filed by the defendant, Laura Stinchcombe, and the guardian *ad litem* for Evangeline Stinchcombe, a judgment was entered in the action as follows:

"State of North Carolina—Mitchell County.

In the Superior Court—November Term, 1919.

T. C. Robinson

*v.*

Laura Stinchcombe, by John C. McBee, her guardian *ad litem.*

Judgment.

This cause coming on for hearing, and being heard by his Honor, B. F. Long, judge, and it appearing to the court that the parties plaintiff and defendants have compromised their differences upon the following terms, that is to say, that the plaintiff be decreed the owner in fee and be given possession of the land described in the complaint, and that the defendants have and receive the sum of two thousand dollars from the plaintiff;

It is, therefore, ordered, adjudged and decreed by the court that the plaintiff is the owner in fee and entitled to the immediate possession of the lands described in the complaint, being the lands described in a deed from Paul J. Stinchcombe and wife to T. C. Robinson, of record in Book No. 71 at page 323, office of the register of deeds of Mitchell County. It is further adjudged by the court that the plaintiff pay to the defendants the sum of two thousand dollars and that the plaintiff pay the costs of this action, to be taxed by the clerk.

(Signed.)   B. F. LONG, *Judge Presiding.*

By consent:

Charles E. Green and Hudgins & Watson attorneys for plaintiff.

McBee & Berry and Newland & Ervin attorneys for defendant.

McBee & Berry guardian *ad litem* for Evangeline Stinchcombe."

There was evidence tending to show that T. C. Robinson, plaintiff in the action, paid to McBee & Berry, attorneys for defendants, the sum of two thousand dollars pursuant to said judgment. There was no evidence that said sum or any part thereof was paid to Evangeline Stinchcombe. The sum of $666.67 was paid by W. C. Berry into the office of the clerk of the court, and subsequently disbursed by said clerk. No part of this sum was paid to Evangeline Stinchcombe or to any one for her, except the sum of $20.00, which was expended by her mother in the purchase of clothes for her during her infancy.

At the close of the evidence for the plaintiff, judgment was entered in this action as follows:

"North Carolina—Mitchell County.
                   In the Superior Court—October Term, 1932.

Evangeline Stinchcombe Wyatt
*v.*
W. C. Berry, D. A. Greene and The Carolina Mineral Company.

Judgment.

This cause coming on to be heard before his Honor, P. A. McElroy, judge, and a jury, and at the close of the plaintiff's testimony, the defendants having pleaded a former judgment concerning the same subject-matter and between the same parties or their privies, and the plaintiff having offered in evidence the entire record in the former suit, for the purpose of attack, and the court finding as a fact that this action regards the same identical property as was described in the former action, and that the plaintiff was a defendant in that suit, and the defendants in this action having taken their title since the final judgment in that cause was signed, and are privies to the plaintiff in the former action, the court is, therefore, of the opinion that the judgment in the former action was decisive of all matters in that action, and precludes the plaintiff from recovering in this action and the said judgment being an estoppel by record and the matters are now *res judicata,* the motion is, therefore, allowed, and it is adjudged by the court that the plaintiff owns no interest in the land described in the complaint, and the defendants are the owners of the respective interests set up in their answers;

It is further ordered and adjudged by the court that the defendants recover of the plaintiff their costs in this behalf expended."

From this judgment, the plaintiff appealed to the Supreme Court.

*R. W. Wilson for plaintiff.*
*Watson & Fouts for defendants.*

WYATT v. BERRY.

CONNOR, J. The judgment in the Superior Court of Mitchell County, at November Term, 1919, in the action entitled, "T. C. Robinson v. Laura Stinchcombe et al.," and relied on by the defendants in this action as an estoppel against the plaintiff, is void on its face as against her, and is, therefore, subject to collateral attack by her in this action.

The plaintiff was not a party to the action in which the judgment was rendered. At the time the judgment was rendered, she was an infant of nine years of age. It is true that a guardian ad litem was appointed by the court to protect her rights in the subject-matter of the action, and that this guardian ad litem filed an answer to the complaint, denying the allegations therein. This answer, however, does not disclose what interest, if any, the infant had in the land described in the complaint, nor does it present to the court the facts on which her interest in the land rests. No summons had been issued for or served on the infant prior to the appointment of the guardian ad litem, as required by statute, C. S., 451. This appears from the record, which was introduced as evidence at the trial.

It has been held by this Court that where a judgment has been rendered against an infant on whom summons was not served as required by statute (C. S., 483(2)), but for whom a guardian ad litem was appointed by the court, and an answer was filed by such guardian ad litem in good faith, the judgment is conclusive on the infant, notwithstanding the irregularity, until set aside on motion in the cause. See Welch v. Welch, 194 N. C., 633, 140 S. E., 436, Groves v. Ware, 182 N. C., 553, 109 S. E., 568, Harris v. Bennett, 160 N. C., 339, 76 S. E., 217. There is no decision of this Court, however, to the effect that such judgment is conclusive and binding on the infant, where it appears upon the face of the record, as it does in the instant case, that the interests of the infant in the subject-matter of the action were not presented to the court in good faith by the guardian ad litem, and passed upon by the court. The facts disclosed by the record in this case, show the wisdom of the language used by Bynum, J., in Moore v. Gidney, 75 N. C., 34, who in speaking of the statutory requirements for a valid judgment against an infant, says: "So careful is the law to guard the rights of infants, and to protect them against hasty, irregular, and indiscreet judicial action. Infants are in many cases the wards of the courts and these forms enacted as safeguards thrown around the helpless, who are often the victims of the crafty, are enforced as being mandatory and not directory only. Those who venture to act in defiance of them must take the risk of their action being declared void or set aside."

The judgment is void as against the plaintiff in this action not only because she was not a party to the action in which it was rendered. It appears upon its face that the judgment was rendered by consent of the

parties to the action. For that reason, if it be conceded that the plaintiff was a party defendant by virtue of the order of the court, and the appointment of the guardian *ad litem* for her, the judgment is void. It is well settled in this jurisdiction, at least, that in the case of infant parties, the next friend, guardian *ad litem,* or guardian cannot consent to a judgment against the infant, without an investigation and approval by the court. McIntosh North Carolina Practice and Procedure p. 721, *Keller v. Furniture Co.,* 199 N. C., 413, 154 S. E., 674, *Rector v. Logging Co.,* 179 N. C., 59, 101 S. E., 502, *Bunch v. Lumber Co.,* 174 N. C., 8, 93 S. E., 374, *Ferrell v. Broadway,* 126 N. C., 258, 35 S. E., 467. The judgment in this action is erroneous and for that reason is
    Reversed.