FEDERAL LAND BANK OF COLUMBIA v. W. H. GRIFFIN, ADMINISTRATOR OF THE ESTATE OF W. D. WELCH, DECEASED; R. A. WELCH, DORA WELCH, DEE WELCH, ADA MOORE AND HUSBAND, J. DORSIE MOORE, HATTIE ALSTON AND HUSBAND, BILL ALSTON, W. C. WELCH AND WIFE, MRS. W. C. WELCH, C. L. WELCH AND WIFE, MRS. C. L. WELCH.

(Filed 31 October, 1934.)

**Deeds and Conveyances A e—Presumption of delivery from registration of deed is rebuttable by evidence that registration was inadvertent or fraudulent.**

The owner of lands executed deed to same to his wife and two sons, and the deed was duly registered. Thereafter the grantor and his wife executed a mortgage on the same lands to plaintiff. The grantor remained in possession of the lands until his death, and the recorded deed was found among his papers: *Held*, the fact that the grantor remained in

possession and that the recorded deed was found among his papers before or after his death is not sufficient to rebut the presumption of delivery of the deed arising from the registration thereof, there being no evidence that the registration was inadvertent or fraudulent, and each of the grantor's sons is entitled to a one-third undivided interest in the lands free from the lien of plaintiff's mortgage.

CIVIL ACTION, before *Barnhill, J.,* at July-August Term, 1934, of CHATHAM.

On 1 October, 1901, Levy B. Welch conveyed fifty acres of land in Chatham County to William D. Welch. This deed was duly registered on 29 October, 1914. William D. Welch went into possession of said tract of land and remained in possession until his death in April, 1931. On 1 August, 1920, W. D. Welch executed a deed for said fifty acres of land to Kittie A. Welch, his wife, and his two sons, William Corbett Welch and Carl (C. L.) Welch. This deed was recorded in the office of the register of deeds for Chatham County on 2 May, 1921.

Thereafter, on 4 June, 1926, W. D. Welch and wife, K. A. Welch, executed and delivered to the plaintiff Federal Land Bank of Columbia a mortgage upon said land, securing an indebtedness of $1,300. This mortgage was duly recorded on 9 June, 1926.

On or about 21 November, 1932, the plaintiff instituted a suit against the defendants to foreclose said mortgage by reason of the failure of the mortgagors to pay off the indebtedness. The defendants W. C. Welch and C. L. Welch filed an answer, asserting that they were the owners in fee of a two-thirds undivided interest in said property by virtue of deed from their father, heretofore referred to.

There was evidence that W. D. Welch, the grantor in said deed to his wife and sons, lived upon the land and cultivated the same until his death, and that the property was known as the "W. D. Welch place." Neither W. C. Welch nor C. L. Welch lived with their father. Carl Welch, one of the grantees in said deed, said "that the deed from W. D. Welch to his mother and to him and his brother was found in his father's papers." There was evidence that W. D. Welch, the father, built a house on the land in 1924.

The jury found that W. C. Welch and C. L. Welch were the owners and entitled to the possession of a two-thirds undivided interest in said tract of land, free and clear of the lien of plaintiff's mortgage.

From judgment upon the verdict plaintiff appealed.

*Daniel L. Bell and Victor R. Johnson for plaintiff.*
*L. P. Dixon and Siler & Barber for defendants.*

BROGDEN, J. What is the legal effect of the due and proper registration of a conveyance of land?

The plaintiff asserts that there was no delivery of the deed from W. D. Welch to his wife and sons, and hence the mortgage deed to the plaintiff constituted a prior lien upon the premises. "The delivery of a deed is essential to its validity, and is said to be 'its tradition from the maker to the person to whom it is made, or to some person for his use.' That is to say, the maker of the deed must part with the possession and control of the instrument with the intention of giving effect to it. . . . This Court has consistently held that registration of a deed is *prima facie* evidence of delivery, but that such is not conclusive between the parties, and that an injured party may attack the execution and delivery of the deed and show, if possible, that in fact there was no delivery." *Burton v. Peace*, 206 N. C., 99.

"The presumption of delivery arising from the registration of the deed may be rebutted by evidence showing that the registration was inadvertent or fraudulent." *Gulley v. Smith*, 203 N. C., 274, 165 S. E., 710.

In the case at bar there was no evidence that the registration of the deed in controversy was "inadvertent or fraudulent." The bare fact that the grantor, the father and husband of the grantees, remained in possession of the land, cultivating the same until his death, and that the recorded deed was found among his papers either before or after his death, is not sufficient in probative value, to overthrow the presumption arising from registration. See *McMahan v. Hensley*, 178 N. C., 587, 101 S. E., 210.

No error.