**WATSON et al. v. UNITED STATES.**

District Court, M. D. North Carolina.

Aug. 8, 1940.

Harvy Rockwell, of Greensboro, N. C., for plaintiff.

Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., Frederick Bernays Wiener, Sp. Asst. to Atty. Gen., M. W. Hibschman, Atty., Department of Justice, of Washington, D. C., and Edith Haworth, Asst. U. S. Atty., of Greensboro, N. C., for defendant.

HAYES, District Judge.

On June 24, 1919, the United States took the 192.3 acres of land involved in this action for a public use, to-wit, for military purposes as a part of Camp Bragg, now Fort Bragg. On the same day condemnation proceedings against various tracts of land, including the land above, were begun in the United States District Court for the Eastern District of North Carolina, entitled "United States v. Vance Blanton et al., Law No. 812." All of the present plaintiffs herein were made defendants in that proceeding and were served personally, except Annie E. Odum (now Annie E. Watson) and Loetta Stubbs Cowder who were served by publication. No guardian ad litem was appointed for the infant defendants nor was any answer filed for them. There were ten of the children but all of them were under twenty-one years of age except Loetta Cowder, Garrett Stubbs, Annie Odum Watson and Marion Stubbs and it is stipulated that each of the minors attained his or her majority at least nine years prior to the institution of this present suit.

The final decree in the condemnation suit was signed by consent. J. W. Currie having signed as attorney for E. A. Harrill, Commissioner and for J. J. Stubbs et al. J. J. Stubbs owned a life estate in the land in controversy and his children had a contingent remainder therein. In 1916 he executed a deed for his life estate to his wife, Lucy Stubbs, and caused the same to be recorded in the office of the Register of Deeds in the County where the land was situate. She had no knowledge of the deed and consequently no opportunity to dissent from it.

During the next year, 1917, J. J. Stubbs commenced a special proceeding before the clerk of the Superior Court in Hoke County against his children for the purpose of selling the land and reinvesting it. The children were served with process and a guardian ad litem was appointed to file an answer, and the court ordered the sale. These proceedings were instituted apparently for the purpose of effecting a sale of the land to the United States. E. A. Harrill was appointed Commissioner for the purpose of making the sale and in 1920 the commissioner was again authorized to sell the land in question at $20 per acre and directed to execute a deed therefor. This accounts for the fact that J. W. Currie consented to the final decree in the condemnation proceedings. There are four questions which are determinative of this case: (1) Was the deed from J. J. Stubbs to Lucy Stubbs a valid conveyance; (2) if so could the

clerk of the Superior Court under the North Carolina Statute acquire jurisdiction to sell the land upon the petition of J. J. Stubbs who had no vested life estate therein; (3) if not is the condemnation proceeding subject to collateral attack; (4) are the plaintiffs barred from maintaining this action because of their failure to commence the same within six years from the accrual of their cause of action or within three years after attaining their majority. When this court ruled upon the demurrer it was of the opinion that the cause of action did not accrue to the contingent remaindermen until the happening of the contingency, to-wit, the termination of the life estate and since this suit was instituted within six years from that date the action was not barred. Upon further consideration of the question however, the court is of the opinion that the cause of action accrued when the United States took the land and that any person who had an interest therein, vested as well as contingent, had an immediate cause of action and could have maintained the same to recover compensation for the taking of the land in question. Miller v. Asheville, 112 N.C. 759, 16 S.E. 762, 764. As was said by Justice Clark in the above case: "When * * * the property is taken under the right of eminent domain, the fund realized is substituted for the realty, and is held subject to like charges and trusts; and, when limited over on a contingent remainder, it will be divided among the parties entitled upon the happening of the contingency in the same manner as the realty itself would have been if it had remained intact. If this were not so, it would be easy to defeat the construction of railroads, the opening or widening of streets, and the numerous·other instances which in a progressive community call for the exercise of the powers of ultimate sovereignty, the right of eminent domain, by simply limiting or settling property upon a contingent remainder. It would hamper the exercise of the right if the remainderman could wait till some remote day, when the damages would be enhanced by the rise in values."

The owners of the land in question became entitled to just compensation at the time the United States took the land for a public purpose. Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; Jacobs v. United States, 290 U.S. 13, 54 S. Ct. 26, 72 L.Ed. 142, 96 A.L.R. 1. Having failed to sue when the statute authorized them to do so, the court is without power to give them aid now. The acquisition of real estate for a sovereign purpose is quite different from an action for waste which was the question in Latham v. Roanoke & R. Lumber Co. 139 N.C. 9, 51 S.E. 780, 111 Am.St.Rep. 764. The reasons for the decision justify the conclusion reached. In a condemnation proceeding or in a suit to recover damages therefor there can be one assessment for damages and a court of competent jurisdiction must determine what to do with the fund. ·The plaintiffs here assume that they are entitled to compensation only from the date of the falling in of the life estate, to-wit, in 1933 or fourteen years after the United States took the land for a public use. There is no sound reason why the right to compensation should be so indefinitely and remotely removed from the date of taking. Regardless of what may be the law in North Carolina, it is clearly the law of the United States that when the United States Government takes property· for a public use, the right to recover compensation therefor accrues from such taking. Jacobs v. United States, supra; Nichols on Eminent Domain page 341, 2d Ed. While this view is sufficient to dispose of the case, nevertheless the court will express its views on the other questions which were raised.

The registration of a deed is prima facie evidence of the delivery of it. The presumption that the maker intended to part with title ought to prevail in the absence of clear proof to the contrary and in the case of out-right gifts proof of dissent is necessary to rebut the presumption. Mitchell's Lessee v. Ryan, 3 Ohio St. 377; Helms v. Austin, 116 N.C. 751, 21 S.E. 556. Registration is not conclusive evidence of delivery. Where a grantor can show that the registration was not intended for delivery but that grantor in fact retained control of the deed and did not intend to deliver it, then presumption must give way to the contrary facts as was held in McMahan v. Hensley, 178 N.C. 587, 101 S.E. 210.

■ It is not necessary that the grantee know about the deed. While a grantee has a right of dissent, when the grantor delivers a deed to a third person for the grantee, without then reserving control of it, as to the grantor it is a delivery and

"his power of recall is forever gone, because as to him it has been delivered." Buchanan v. Clark, 164 N.C. 56, 65, 80 S. E. 424, 428.

Proof of the execution, probate and registration of a deed raises a presumption of its execution and delivery on the date it bears and the burden to show the contrary rests on him who asserts the contrary. Fortune v. Hunt, 149 N.C. 358, 362, 63 S.E. 82.

It is likewise settled that the subsequent acts and declarations of the grantor are not admissable to rebut the presumption of delivery; neither will the possession of the deed nor occupancy of the land rebut it. Helms v. Austin, supra; Faircloth v. Johnson, 189 N.C. 429, 432, 127 S.E. 346. In Federal Land Bank v. Griffin, 207 N.C. 265, 176 S.E. 555, 556, it is said, "the bare fact that the grantor, the father and husband of the grantees, remained in possession of the land, cultivating the same until his death, and that the recorded deed was found among his papers either before or after his death, is not sufficient in probative value to overthrow the presumption arising from registration."

These authorities show that the deed from J. J. Stubbs to his wife, Lucy Stubbs, was a valid conveyance and that J. J. Stubbs had no vested interest in the lands when he started the special proceeding for the sale of it in 1917.

N.C.Code, § 1744, prior to 1923, authorized the owner of a vested estate to maintain an action in the Superior Court, in term, against contingent remainderman to sell land under conditions therein described and this section was amended by an Act ratified February 9, 1923, conferring jurisdiction on the clerk of the Superior Court. Public Laws of North Carolina, 1923, chapter 69; and on March 6, 1923, the legislature validated sales theretofore made. Public Laws of North Carolina, 1923, Chapter 64; N.C. Code, 1745. Under these two sections the sale of the land in 1920 originating by special proceeding before the clerk and approved, in term, by the presiding Judge would be valid if J. J. Stubbs had a vested estate in said land. Anderson v. Wilkins, 142 N.C. 154, 55 S.E. 272, 9 L.R.A.,N.S., 1145; Bullock v. Planters' Cottonseed Oil, 165 N.C. 63, 80 S. E. 972; Booth v. Hairston, 193 N.C. 278, 136 S.E. 879, 57 A.L.R. 1186; Id., 195 N.C. 8, 141 S.E. 480. However, J. J. Stubbs had no vested estate in said land and was not authorized by the statute to maintain the proceeding. Ray v. Poole, 187 N.C. 749, 123 S.E. 5. Jurisdiction can not be conferred by consent and the statute must be strictly complied with. Since the court was without jurisdiction it follows that the judgment is void and can be assailed collaterally. Cameron v. McDonald, 216 N.C. 712, 6 S.E.2d 497, and authorities there cited. Compare Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104.

The condemnation suit in the United States District Court for the Eastern District of North Carolina conferred upon that court jurisdiction of the subject matter and of the parties. The feature in that case which complicates the matter is the decree which was entered by consent. A consent judgment is the contract of the parties entered with the approval and sanction of the court and is binding upon the parties in the absence of fraud or mistake and is not subject to collateral attack. Keen v. Parker, 217 N.C. 378, 8 S.E.2d 209. The recital in the decree to the effect that all of the parties interested in the tract of land therein involved, have been served with process and that they have agreed upon a purchase price of $3,846 and having consented that the purchase money be paid to E. A. Harrill, Commissioner, and that the United States should hold the title to the land in question free from the claim of any of the defendants and said consent judgment having been signed by J. W. Currie as attorney for the Commissioner and as attorney for J. J. Stubbs et al., the decree on its face is valid and is not subject to collateral attack, as affects those defendants who were twenty-one years of age at the time the decree was entered on June 30, 1920. When a judgment is signed by counsel purporting to represent a litigant in a court of competent jurisdiction the law presumes he had the necessary authority to do so and the burden is on the party seeking to set aside a consent judgment to prove that no such authority existed. Southern Chemical Co. v. Bass, 175 N.C. 426, 95 S.E. 766; Keen v. Parker, supra. Annie Stubbs Watson, Garrett Stubbs and Marion Stubbs and Loetta Cowder were each more than twenty-one years old at the time the consent

judgment was entered and consequently they can not attack the judgment and are concluded thereby. Aline Stubbs Kelly, Edith Stubbs, Odessa Stubbs Hall, Thomas Howard Stubbs, Kermit Q. Stubbs and Aggerly Stubbs were under twenty-one years of age at that time. The North Carolina authorities hold that a consent judgment as to minors is void. Wyatt v. Berry, 205 N.C. 118, 122, 170 S.E. 131.

 The condemnation suit is not subject to collateral attack. All of the parties were served with process, and therefore in court. It is true no guardian was appointed for them, but they were in court and the court proceeded to judgment. According to the law of North Carolina a judgment against an infant personally served with process although no guardian is appointed is not subject to collateral attack. Stafford v. Gallops, 123 N.C. 19, 31 S.E. 265, 68 Am.St.Rep. 815; Finger v. Smith, 191 N.C. 818, 133 S.E. 186. However, the judgment was entered by consent, which, under the decisions of North Carolina does not bind the infant, Ferrell v. Broadway, 126 N.C. 258, 35 S.E. 467, and can be impeached in the trial of an action in which it is set up as a defense. Bunch v. Foreman Blades Lumber Co., 174 N.C. 8, 93 S.E. 374; approved in both particulars in Keller v. Caldwell Furniture Co., 199 N.C. 413, 154 S.E. 674. From the same authorities it appears that such a judgment is valid when the court investigates and approves the settlement.

It is conceded now that the price agreed to in the judgment was the full value of the land. The language of the judgment indicates that the Judge was apprized of the facts and ordered the proceeds paid to the commissioner appointed by the State Court on the assumption that that proceeding was valid and for the manifest purpose of enabling the State Court to provide for the investment of the fund in accordance with North Carolina Code, § 1744. The sale for the price stated was fair and reasonable and there is no proof that the children did not get their share. Their father and the State Court Commissioner and the attorney for all of them were convinced that the sale and the price were advantageous to all of them. There was no fraud or imposition nor advantage taken of the infants. The decree here assailed is not a judgment entered by the courts of North Carolina but by the district court of the United States for the Eastern District of North Carolina. Judge H. G. Connor who signed the decree was a member of the Supreme Court of North Carolina for many years and was thoroughly versed in the law of the state. It is inconceivable that he would sign a decree affecting the interests of infants unless he was satisfied that it was for their advantage.

Consent decrees entered in the courts of the United States where infants are parties are binding upon an infant in the absence of fraud or collusion. Thompson v. Maxwell Land-Grant & Railway Co. 168 U.S. 451, 18 S.Ct. 121, 42 L.Ed. 539. Since it is the duty of the court to make inquiry concerning the infant's interests, the presumption is that it was done, in the absence of proof to the contrary. Thompson v. Maxwell Land-Grant & Railway Co., supra; Derrisaw v. Shaffer, D. C., 8 F.Supp. 876, 879, 880.

For these reasons I hold that all of these plaintiffs are bound by the decree entered in the condemnation proceeding and are not entitled to recover again the value of the land.