Manly, J.
 

 We have examined the testimony carefully in this case, and concur with the court below, in the conclusion, that there was no evidence of undue influence.
 

 
 *595
 
 The cáse was properly left to the jury, upon the question of capacity. They were charged, that.the capacity necessary was “ to understand the nature of the act in which the testator was engaged, and its full extents and effects;” of this the appellant has no right to complain. It is equally clear, that the special importance attributed by the Judge to the testimony of the attending physician and .the subscribing witnesses, is entirely consonant with law and reason. The subscribing witnesses are required by the law, not only for the purpose of attesting the execution of the instrument as to form and freedom from fraud, but also, especially to see that the testator is' of sound and disposing mind and memory, and is so at the precise point of time to which enquiry is directed, viz: the execution of the will. They are witnesses, therefore, especially to be looked to for information upon every subject connected with the due execution of the instrument. It may be said of the physician, that he is, by the nature of his studies and pursuits, particularly skilled in the mental as well as the physical diseases of men, and with respect to the parties upon whom' he is in constant attendance, he must be supposed, as well from his superior knowledge, as from his better opportunity of observation, to be particularly well informed as to the state of his mind. "What, therefore, the Judge thought proper to say upon the subject of the witnesses mentioned, we do not think liable to any just exception.
 

 The next question is, whether the attesting witnesses have subscribed their names in the presence of the testator, according to the requirements of the statute. Upon this point, the Judge instructed the jury
 
 “
 
 that if they believed the attestation was made by the subscribing witnesses in the room in which the deceased was lying, and in such a situation as by turning his head in the manner described by them, he could see the paper-writing at the time of the attestation, and that he had the ability to do so, it was an attestation in the presence of the testator.”
 

 After reviewing the authorities upon this point, we think that 'the strictest interpretation of the law has gone no further than to
 
 *596
 
 require that the testator should be in a position, and have power, without a removal of his person, to see what was done. It is. not necessary for him, in point of fact, to see. The case of
 
 Bynum
 
 v. Bynum, 11 Ired. 632, where it appeared that the paper was not in the actual sight of the testatrix, but in two or three feet of her, at the time the witnesses signed, and in the same room, the attestation wás held to be good.— In that case, the Court declares “ that the attestation being done openly, and without any clandestine appearance about it, in the same room with the testatrix, and within two or three feet of her, when she had her senses, and nothing intervened between her and the witnesses, is good under the statute. It was done both literally and substantially, in her presence.”
 

 sphere are authorities going to the extent of holding that the transaction being openly done, there can <be no question of
 
 presence
 
 where the parties are all in the same room ; Best on presumptions, 83. But, however this may be, it is clear upon authorities, if it be affirmatively established, that the testator
 
 might
 
 have seen, the attestation is good. Powell on Devises 96.
 
 Tod
 
 v.
 
 The Earl of Winchelsea,
 
 12 Eng. Com. L. Rep. 227.
 

 We are not disturbing, at all, the case of
 
 Jones
 
 v. TucTc,, 3 Jones 202, to which our attention has been called. In that case, it appeared that the testator could not have turned himself so as to have seen the attesting witnesses subscribe without danger, and acting contrary to the advice of the physician.
 

 In the case before us, the turning of the head would have sufficed to enable the testator to see, and that, according to the testimony, he could do without pain or difficulty. We think the attestation was in the presence of the testator.— The was no error.
 

 Per Curiam,,
 

 Judgment affirmed.