SAM A. LINKER ET ALS. v. NANCY E. LINKER ET ALS.

(Filed 16 December, 1914.)

1. **Pleadings — Allegations—Information and Belief—Denial—Issues—Deeds and Conveyances—Delivery.**
   Allegations of the complaint, made upon information and belief, and denied by the answer, that a deed sought to be set aside had never in fact or in law been executed by the grantor, is sufficient to raise the issue as to whether the grantor signed and delivered the deed to the grantee.

2. **Evidence—Transactions with Deceased—Interpretation of Statutes.**
   In a suit to set aside a deed made by the deceased father of a party defendant, it is incompetent for the son to testify as to the consideration of the deed or his father's intention to make it, being testimony relating to a transaction prohibited by Revisal, sec. 1631.

3. **Deeds and Conveyances — Registration — Immediate Parties—Delivery— Parol Evidence—Trials—Burden of Proof.**
   It may be shown that a deed registered after the death of the grantor had never been executed or delivered, as between the immediate parties, the burden of proof being on the plaintiff.

4. **Trials—Instructions—Verbal Requests—Appeal and Error.**
   The trial judge has the right to ignore a prayer for special instructions when not reduced to writing, and an exception to his doing so will not be considered on appeal.

5. **Deeds and Conveyances—Delivery—Evidence—Issues—Answers—Instructions.**
   Where the issues in an action to set aside a deed, one as to its actual signing and delivery and the other as to the mental capacity of the maker, it is proper for the trial judge to instruct the jury not to consider the second issue, should they find the first one in the negative.

6. **Deeds and Conveyances—Witness to Deeds—Weight of Evidence—Wills— Witnesses of the Law.**
   The testimony of a witness to a deed sought to be set aside for lack of execution and delivery has no greater weight than that of any other witness under oath. It is otherwise with witnesses to a will, who are witnesses of the law. *Cornelius v. Cornelius*, 52 N. C., 593.

APPEAL by the defendants from *Adams, J.,* at August Term, 1914, of CABARRUS.

Civil action, tried upon these issues:

1. Did Jackson Linker sign and deliver to Paul Linker the deed set out in the complaint, dated 25 September, 1912? Answer: "No."

2. If so, did said Jackson Linker have sufficient mental capacity to understand what property he was disposing of, the person to whom he was selling it, and the purpose for which he was disposing of said property?

From the judgment rendered, the defendant appealed.

*W. G. Means and L. T. Hartsell for plaintiffs.*
*H. S. Williams and L. Lee Crowell for defendants.*

BROWN, J.　This action is brought to set aside a deed made by Jackson Linker and wife on 25 September, 1912, to Paul Linker, conveying a certain tract of land therein described for the recited consideration of $400: First, upon the ground that the said deed, although duly registered on 11 October, 1912, after the death of Jackson Linker, had in fact never been executed and delivered; second, upon the further ground that at the time of the alleged execution of the said deed the said Jackson Linker did not have sufficient mental capacity to execute the said deed. There was a further allegation of fraud and undue influence upon the part of Paul Linker, which his Honor held was not supported by any evidence, and which it is not necessary for us, therefore, to consider.

The defendants except to the submission of the first issue, upon the ground that no such issue was raised by the pleadings. We see no ground upon which to base such contention. In the complaint the plaintiffs allege, after reiterating the facts set forth in paragraphs 1 and 2 of their first cause of action, that the said alleged deed was never in fact or law executed by the said Jackson Linker.

It is true, this allegation is made upon information and belief. An allegation made upon information and belief raises an issue, when denied by the answer (as this is), as readily as when made upon the pleader's own knowledge. So we find the question of the execution and delivery of the deed directly raised by the allegation of the complaint and the specific denial in the answer. Of course, his Honor, therefore, very properly submitted the first issue.

The defendants except because the court excluded the testimony of Paul Linker as to a conversation between him and his father, Jackson Linker, as to the consideration of the deed and Jackson Linker's intention to make it. This is a transaction between Paul Linker and the deceased, Jackson Linker, which the former was incompetent to testify to, under section 1631 of the Revisal. *Bunn v. Todd,* 107 N. C., 266; *Smith v. Moore,* 142 N. C., 277; *Bonner v. Stotesbury,* 139 N. C., 6.

Upon examination of the charge of the court, we find that his Honor confined the consideration of the jury upon the first issue to the actual delivery of the deed, and put the burden of proof upon the plaintiffs to show that the deed had not been in fact executed and delivered. The deed was registered after the death of the grantor, and while registration is *prima facie* evidence of delivery, it is not conclusive evidence as between the parties, and it was open to the plaintiff to attack the execution and

delivery of the deed and to show that the deed had never been delivered. The defendants requested the court to charge the jury that in any view of the evidence, if they believed it to be true, they should answer the first issue "Yes." This prayer was not in writing, and the court had the right to ignore it. Upon the evidence, however, we do not think the instruction could properly have been given, and his Honor rightly submitted the question to the determination of the jury. His Honor correctly instructed the jury that if they found that the deed was not delivered, to answer the first issue "No," and that then they need not answer the second issue at all. We find the charge to be a very clear and correct application of the law to the facts in evidence, so much so that it was hardly possible for the jury to misunderstand any portion of it.

It is not necessary that we should consider the correctness of his Honor's charge upon the question of mental capacity, as the jury did not reach the consideration of that issue. Nevertheless, we do not hesitate to say that it was a very clear and correct exposition of the law.

The only other assignment of error necessary to be considered is the prayer for instruction, "that the deed under consideration, having been put in evidence showing that it is witnessed by R. L. Hartsell, J. P., that the law gives peculiar importance to his evidence."

We think that his Honor very properly refused to give such an instruction. The prayer was evidently based upon a well-known rule of law applicable to issues of *devisavit vel non.* The witnesses to a will are the witnesses of the law, and to their testimony the law gives peculiar importance, because they are witnesses of the law and not witnesses of either party. *Cornelius v. Cornelius,* 52 N. C., 593.

But this rule has no application to the witness to a deed. The law does not prescribe that a deed shall have a witness. It may be proven by the acknowledgment of the grantor, and, therefore, no more importance is attached to the testimony of the witness of a deed, when put upon the witness stand to testify concerning it, than is attached to any other witness under oath.

Upon a review of the entire record, we find

No error.