CHARLES A. CANNON AND THE WACHOVIA BANK & TRUST COMPANY, ADMINISTRATORS C. T. A. OF THE ESTATE OF DAVID H. BLAIR, AND THE WACHOVIA BANK & TRUST COMPANY AND ADELAIDE CANNON BLAIR, TRUSTEES OF THE TESTAMENTARY TRUST OF DAVID H. BLAIR, v. ADELAIDE CANNON BLAIR AND JOHN FRIES BLAIR, SURVIVING TRUSTEES OF THE INTER VIVOS TRUSTS RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS FOR GUILFORD COUNTY IN BOOK 727, AT PAGE 56, AND BOOK 1061, AT PAGE 330, AND ADELAIDE CANNON BLAIR, PERSONALLY, AND ADA BLAIR, EMMA BLAIR, ELVA BLAIR AND DAVID H. BLAIR, JR.

(Filed 15 December, 1948.)

**1. Appeal and Error §§ 6c (3), 40d—**

In a trial by the court under agreement, G.S. 1-184, the court's findings are conclusive and are not subject to review in the absence of exceptions that they are not supported by evidence.

**2. Deeds §§ 3, 5—**

The presumption of delivery arising from the registration of a deed obtains notwithstanding that the registration is made subsequent to the death of grantor, and such presumption is sufficient to support a finding by the court that the instrument was duly delivered.

**3. Same: Trusts § 3a—**

   Heirs at law executed an instrument conveying the *locus* in trust for the purpose of investing the fee simple title in the son of one of them upon the death of the last trustor, and reserved to each of them the privilege of occupying and enjoying the premises for life. The instrument was found among the valuable papers of one of the heirs, who was also one of the trustees. *Held:* The deceased heir had an interest in the property entitling him to possession of the deed after its execution and delivery, and therefore the fact that it was found after his death among his valuable papers raises no presumption of nondelivery.

**4. Deeds § 4: Trusts § 3a—**

   Heirs at law executed an instrument conveying the *locus* in trust for the purpose of investing the fee simple title in the son of one of them after the death of the last trustor, and reserved to each heir the right to occupy and enjoy the premises during his life. *Held:* The instrument constituted a trust indenture to hold the property intact, to provide a homeplace for the heirs during their lives, and to enable the child of one of them to eventually receive the entire estate, and therefore the instrument was supported by a valuable consideration, especially as to the heir whose son was to eventually receive the property.

APPEAL by plaintiffs from *McSwain, Special Judge,* at the November Term, 1948, of the High Point Division of the Superior Court of GUILFORD.

Abigail Blair died intestate 13 February, 1906, owning a tract of land in Guilford County, which thereupon descended to her three sons, David H. Blair, William A. Blair, and John J. Blair, and her four unmarried daughters, Martha Blair, Emma Blair, Ada Blair, and Elva Blair, in equal shares as tenants in common. While the record does not positively show such to be the case, it intimates that this land was the Abigail Blair homeplace. This action involves the question as to the present ownership of the one-seventh undivided interest in this property inherited by David H. Blair.

David H. Blair married Adelaide Cannon, and had by her an only son, David H. Blair, Jr.

On 20 March, 1931, William A. Blair conveyed his one-seventh undivided interest in this property to Adelaide Cannon Blair.

There appears of record in the office of the Register of Deeds of Guilford County in Book 1061, at page 330, a trust indenture dated 21 September, 1932, whereby David H. Blair, Adelaide Cannon Blair, John J. Blair, Martha Blair, Emma Blair, Ada Blair, and Elva Blair, grantors, purported to convey the Abigail Blair tract as a whole to David H. Blair, Adelaide Cannon Blair, and John Fries Blair, grantees, as trustees for David H. Blair, Jr., "subject to the privilege of each of the grantors to occupy, use, and enjoy the premises during his or her natural life." The indenture stipulates that the trustees shall convey the property to David

H. Blair, Jr., "upon the death of the last surviving grantor." It contains an additional provision in these words: "If David H. Blair, Jr., should die prior to the time herein specified for the conveyance and transfer of the trust estate to him, the trustees shall, at said specified time, convey the said trust estate to the person or persons legally entitled thereto."

Each of the seven grantors therein named signed and sealed the trust indenture of 21 September, 1932, and acknowledged its execution in due form of law during the month of October, 1932. It was found unrecorded after the death of David H. Blair among the valuable papers of David H. Blair and other members of the Blair family in the home on the property in question, in which David H. Blair frequently visited and in which Emma Blair, Ada Blair, and Elva Blair have resided ever since the death of Abigail Blair. Shortly thereafter, to wit, on 20 February, 1945, the trust indenture was recorded in due form of law in the office of the Register of Deeds of Guilford County. The instrument recites the receipt by the grantors of a consideration of $1.00, but it was conceded on the trial that such sum was not actually paid for the conveyance.

David H. Blair died 21 September, 1944, leaving a will in which he bequeathed and devised his residuary estate, both real and personal, to Adelaide Cannon Blair and the Wachovia Bank & Trust Company as trustees for his son, David H. Blair, Jr. The trustees are given "full power and authority to sell and convey any or all of the real estate, either at private sale or public auction, as may to them seem best to the interest of the estate," and are directed to close the trust "as of December 31, 1954, by turning over to David H. Blair, Jr., the entire property making up said trust, whether the same be real estate or securities." It was conceded by all parties at the trial that the one-seventh undivided interest in the *locus in quo* which descended to David H. Blair at the death of Abigail Blair passed to the testamentary trustees as a part of the residuary estate of David H. Blair, if the trust indenture of 21 September, 1932, did not constitute a valid conveyance of such interest.

On 26 July, 1946, Adelaide Cannon Blair, individually, and Charles A. Cannon and the Wachovia Bank & Trust Company, Administrators *cum testamento annexo* of David H. Blair, and the Wachovia Bank & Trust Company and Adelaide Cannon Blair, trustees of the testamentary trust of David H. Blair, executed and delivered in due form of law a deed sufficient in terms to convey to Adelaide Cannon Blair and John Fries Blair, as surviving trustees under the indenture of 21 September, 1932, the one-seventh undivided interest of Adelaide Cannon Blair and the one-seventh undivided interest of David H. Blair in the Abigail Blair lands for a recited consideration of $10.00, which was actually paid to the grantors by the grantees. The actual value of the one-seventh undivided interest of David H. Blair in the Abigail Blair tract was "in excess of

$14,000.00" on 26 July, 1946, but the deed recited that the claim of the administrators and testamentary trustees thereto was "of little or no value" to the estate of David H. Blair because of doubt as to whether the title was vested in them under the will or in Adelaide Cannon Blair and John Fries Blair, as surviving trustees, under the trust indenture of 21 September, 1932.

John J. Blair and Martha Blair died testate before the commencement of the litigation.

On 22 September, 1948, the plaintiffs, Charles A. Cannon and the Wachovia Bank & Trust Company, administrators *cum testamento annexo* of David H. Blair, and the Wachovia Bank & Trust Company and Adelaide Cannon Blair, trustees of the testamentary trust of David H. Blair, brought this action against the defendants, Adelaide Cannon Blair and John Fries Blair, surviving trustees of the *inter vivos trusts* recorded in the office of the Register of Deeds for Guilford County in Book 727, at page 56, and Book 1061, at page 330, and Adelaide Cannon Blair, Emma Blair, Ada Blair, Elva Blair, and David H. Blair, Jr., individually, asking for a declaratory judgment that the plaintiffs owned the one-seventh undivided interest of David H. Blair in the Abigail Blair tracts. The plaintiffs attacked the validity of the trust indenture of 21 September, 1932, on these grounds: (1) It was not delivered by David H. Blair; and (2) it was a deed of gift, which was invalidated by G.S. 47-26 for want of recordation within two years after making. They assailed the deed of 26 July, 1946, on the ground that it was executed "under a mistake of fact as to the legal effect of the trust indenture of the 21st of September, 1932, and for a grossly inadequate consideration."

All of the defendants answered, alleging expressly that the deeds in question are valid and praying that Adelaide Cannon Blair and John Fries Blair, surviving trustees, be declared the owners of the interest in controversy. The defendant, David H. Blair, Jr., the sole beneficiary of the trust created by the will of David H. Blair, specifically averred in his answer that he confirmed and ratified the action of the plaintiffs in executing the deed of 26 July, 1946.

Trial was had before Judge McSwain without a jury under G.S. 1-184 pursuant to the written consent of the parties filed with the Clerk. The plaintiffs offered in evidence the matters heretofore set out, and the court made these findings of fact therefrom: (1) That the trust indenture of 21 September, 1932, was executed and delivered by David H. Blair; and (2) that such indenture "was not a deed of gift, as alleged in the complaint, but the same was a trust deed or trust agreement, executed for a good and valuable consideration by all the parties named therein." The court supplemented its second finding by an additional specific finding that the trust indenture was "a contract between the parties to do three

things: First, hold the property inherited from Abigail Blair intact without being subject to partition or division by any of the grantors named in said indenture; second, to provide a home for the unmarried daughters of Abigail Blair; and, third, to enable David H. Blair, Jr., the only child of David H. Blair and Adelaide Cannon Blair, to receive eventually all of the property described in said trust agreement instead of the one-seventh undivided interest belonging to his father, David H. Blair, and the one-seventh undivided interest belonging to his mother, Adelaide Cannon Blair."

Upon these findings, the court entered judgment that the trust indenture of 21 September, 1932, and the deed of 26 July, 1946, "are legal, valid, and binding conveyances" and that the title to the property in litigation was vested in Adelaide Cannon Blair and John Fries Blair as surviving trustees. From this judgment, the plaintiffs appealed, assigning errors.

*J. Allen Austin* for plaintiffs, appellants.
*W. H. Beckerdite* for defendants, appellees.

ERVIN, J. When an action is tried by the court without a jury pursuant to the provisions of G.S. 1-184, the findings of fact of the trial judge are conclusive, and are not subject to review on appeal, in the absence of exceptions that they are not supported by evidence. *Best v. Garris,* 211 N. C. 305, 190 S. E. 221; *Buchanan v. Clark,* 164 N. C. 56, 80 S. E. 424. Although it is questionable whether such position can be sustained on the record in the case at bar, it is assumed here that the plaintiffs reserved appropriate exceptions to the findings of fact adverse to them on the ground that such findings were not supported by evidence at the trial. *Eley v. Railroad,* 165 N. C. 78, 80 S. E. 1064.

When thus construed, the record presents these inquiries concerning the trust indenture of 21 September, 1932:

1. Was there evidence at the trial to support the finding that David H. Blair, as grantor, delivered this instrument to the grantees?

2. Was there testimony at the trial to sustain the finding that David H. Blair, as grantor, executed this document for a valuable consideration?

In our opinion, both of these questions must be answered in the affirmative.

The trust indenture had been signed, sealed, acknowledged, probated, and recorded when it was offered in evidence. Hence, there was sufficient evidence to warrant the finding that this instrument was duly delivered by David H. Blair in his capacity as a grantor. This is true because the probate and registration of a deed raise a rebuttable presumption of delivery. *Bank v. Griffin,* 207 N. C. 265, 176 S. E. 555; *Gulley v. Smith,*

203 N. C. 274, 165 S. E. 710; *Best v. Utley,* 189 N. C. 356, 127 S. E. 337; *Faircloth v. Johnson,* 189 N. C. 429, 127 S. E. 346; *McMahan v. Hensley,* 178 N. C. 587, 101 S. E. 210; *Lee v. Parker,* 171 N. C. 144, 88 S. E. 217; *Smithwick v. Moore,* 145 N. C. 110, 58 S. E. 843; *Helms v. Austin,* 116 N. C. 751, 21 S. E. 556. As was said in *Wetherington v. Williams,* 134 N. C. 276, 46 S. E. 728: "The fact of registration is not conclusive as to either the execution or the probate of the deed. The *factum* of the instrument may be disputed after its registration, and the party who assails the deed may show, if he can, that it was not in fact delivered. But as long as the probate and registration stand unimpeached and unimpaired, they furnish sufficient *prima facie* evidence of the execution of the deed, which, of course, always includes delivery. He who would avoid this presumption, arising from registration, must do so by proof sufficient to rebut it or to repel its legal force and effect."

The presumption of delivery resulting from the registration of the trust indenture of 21 September, 1932, arose in this case notwithstanding the prior death of David H. Blair. *Linker v. Linker,* 167 N. C. 651, 83 S. E. 736; *Fortune v. Hunt,* 149 N. C. 358, 63 S. E. 82. It is familiar law that "where a deed has been registered, whether after or before the death of the grantor, it is presumed to have been delivered, and the burden shifts to the other side to rebut that presumption." *Rogers v. Jones,* 172 N. C. 156, 90 S. E. 117.

We are not inadvertent to the testimony indicating that the trust indenture was found among the papers of David H. Blair after his death. This evidence was not incompatible in any degree with the finding that the deed was delivered by David H. Blair during his lifetime. He reserved a life estate in the property covered by the deed. Moreover, he was one of the trustees who acquired legal title to the remainder in such property under the conveyance. In consequence, he was entitled to the possession of the deed and was interested in its preservation subsequent to its delivery as much as any other person on earth. *Ratione cessante cessat ipsa lex.* Both authority and reason declare that a presumption of nondelivery of a deed does not arise from the finding of it among the grantor's effects on his death when he reserved an interest in the property or was otherwise lawfully entitled to its possession after its delivery. *Cribbs v. Walker,* 74 Ark. 104, 85 S. W. 244; *Smith v. Adams,* 4 Tex. Civ. App. 5, 23 S. W. 49.

The court properly found from the face of the trust indenture itself that the conveyance of the one-seventh undivided interest of David H. Blair in the Abigail Blair tract was founded on a valuable consideration. This instrument was correctly construed in the supplemental finding of fact. In return for his interest, David H. Blair acquired some legal rights in the property to which he would not otherwise have been entitled.

*Exum v. Lynch,* 188 N. C. 392, 125 S. E. 15; *Railroad v. Ziegler Brothers,* 200 N. C. 396, 157 S. E. 57; *Grier v. Weldon,* 205 N. C. 575, 172 S. E. 200. Moreover, the beneficial interest accruing to his son, David H. Blair, Jr., was a sufficient consideration for the conveyance. *Institute v. Mebane,* 165 N. C. 644, 81 S. E. 1020.

The conclusions set out above compel an affirmance of the judgment declaring that Adelaide Cannon Blair and John Fries Blair, as surviving trustees, hold title to the property in dispute under the indenture of 21 September, 1932. This makes it unnecessary for us to express any opinion as to the validity of the deed of 26 July, 1946.

The judgment rendered in the Superior Court is

Affirmed.