MILDRED SUGGS PERRY AND HUSBAND, J. W. PERRY, AND E. L. McCOY AND WIFE, FLORENCE McCOY v. SUDIE MAE SUGGS, WIDOW; JOHN WILLIAM SUGGS AND WIFE, ALICE SUGGS; JAMES HAYWOOD SUGGS AND WIFE, IMEDIA SUGGS; JOSIE SUGGS RADFORD AND HUSBAND, PATRICK RADFORD; LAWTON SUGGS, MINOR; MARY LOU SUGGS, MINOR; MELVIN SUGGS, MINOR; ROBERT SUGGS, MINOR; TIMOTHY SUGGS, MINOR, AND SUDIE MAE SUGGS, ADMINISTRATRIX OF THE ESTATE OF ROBERT L. SUGGS, DECEASED

No. 708SC418

(Filed 5 August 1970)

1. Deeds § 7— registration after death of grantor — presumption of delivery

The presumption of delivery resulting from the registration of a deed applies even though the registration is made after the grantor's death.

2. Deeds § 7— registration after death of one grantor — presumption of delivery — sufficiency of evidence to rebut presumption — acquiescence by grantee in delivery

Plaintiff's evidence was insufficient to rebut the presumption of delivery of a deed to the property in question arising from registration of the deed after the death of one of the two grantors, and was insufficient to show that the grantee failed to acquiesce in the grantors' intent to make the deed an effective conveyance.

APPEAL by plaintiffs from Bundy, J., 5 January 1970 Session of Superior Court of GREENE County.

Plaintiffs Mildred Perry and Florence McCoy are children of Emma G. Suggs, who died intestate in 1949, survived by her husband R. L. Suggs, Sr., who died in 1960, and a son R. L. Suggs, Jr. who died intestate in 1964. Defendant Sudie Mae

Suggs is the widow of R. L. Suggs, Jr., and the other defendants are the children and grandchildren of R. L. Suggs, Sr.

Plaintiffs instituted this action for the removal of alleged cloud on their title to an undivided 2/5 interest in a certain tract of land and to recover rents and profits therefrom for a period of nine years. They allege that defendants claim title to the entire interest in the land under a deed from R. L. Suggs, Sr. and wife, Emma G. Suggs, to R. L. Suggs, Jr., for his lifetime with remainder to his children. The deed is dated 5 December 1942; was executed on 13 March 1943; and was recorded on 10 December 1949, in Book 252, page 351, Greene County Registry. It recites a consideration of $500. The deed was recorded after the death of Emma G. Suggs. Plaintiffs and defendants claim under a common source of title; to wit, Emma G. Suggs, to whom the property was conveyed by Robert L. Suggs by deed dated 1 January 1923, recorded 7 November 1923, in Book 130, page 514, Greene County Registry.

Plaintiffs allege that the deed of 5 December 1942 was a deed of gift not recorded in two years, was never delivered, and is void. They claim as heirs of Emma G. Suggs.

Defendants admit that they claim under the deed of 5 December 1942, but deny that the deed is void and set up adverse possession and *laches* as affirmative defenses.

The matter was heard without a jury upon stipulations of the parties and oral evidence. Upon the conclusion of the plaintiffs' evidence, the court allowed defendants' motion for dismissal and entered judgment for the defendants. Plaintiffs appealed to this Court.

*Turner and Harrison, by Fred W. Harrison, and Lewis and Rouse, by Robert D. Rouse, Jr., for plaintiff appellants.*

*Aycock, LaRoque, Allen, Cheek and Hines, by C. B. Aycock and I. Joseph Horton, for defendant appellees.*

MORRIS, J.

The record shows that "AT THE CONCLUSION OF PLAINTIFFS' EVIDENCE, THE DEFENDANTS — THROUGH COUNSEL — MOVE FOR A DIRECTED VERDICT." The judgment entered states that "at the conclusion of the plaintiffs' evidence and the plaintiffs having rested, the defendants, through counsel, moved for a dismissal

on the grounds that upon the facts and the law, the plaintiffs have shown no right to relief."

Apparently defendants' motion was for involuntary dismissal under Rule 41(b) applicable in actions tried by the court without a jury, rather than for a directed verdict under Rule 50(a) applicable in actions tried before a jury. The court rendered judgment on the merits and found facts as provided in Rule 52(a).

The pertinent findings of fact and conclusions of law based thereon, to all of which plaintiffs except, are as follows:

"5.   That the deed dated December 5, 1942 and recorded in Book 252, page 351 of the Greene County Public Registry, which embraces the property which is the subject of this lawsuit, was a deed for a consideration and is not a gift deed; and said deed reserved unto the grantors, R. L. Suggs and wife, Emma G. Suggs, a life estate.

6.   That the deed dated December 5, 1942 and recorded in Book 252, page 351 of the Greene County Public Registry, which embraces the property which is the subject of this lawsuit, was delivered to one of the grantees, Robert L. Suggs, Jr., during the lifetime of the grantors and was accepted by Robert L. Suggs, Jr., upon the death of one of the grantors, Emma G. Suggs, on July 14, 1949.

7.   That Robert L. Suggs, Jr., received the rents and profits from and was in possession of the property described in that deed dated December 5, 1942 and recorded in Book 252, page 351 of the Greene County Public Registry, from the death of one of the grantors, Emma G. Suggs, until his death on June 30, 1964; and that since the death of Robert L. Suggs, Jr., his children have received the rents and profits and have been in possession of the property which is the subject of this lawsuit.

8.   That Sudie Mae Suggs, the widow of Robert L. Suggs, Jr., has no interest in the property which is the subject of this lawsuit.

CONCLUSIONS OF LAW

1.   That the deed from R. L. Suggs and wife, Emma G. Suggs, to R. L. Suggs, Jr., for the term of his natural life

and after his death to his children, of record in Book 252, page 351 of the Greene County Public Registry is a good and valid deed.

2.    That the defendants, other than the defendant, Sudie Mae Suggs, are now the owners of said tract of land described in said deed recorded in Book 252, page 351 of the Greene County Public Registry, and that the plaintiffs have no interest therein and are not entitled to the ownership or possession of any part thereof."

At trial and on appeal, the only question upon which there is disagreement is the question of delivery.

In *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316 (1949), Ervin, J., clearly set out the principles applicable to this controversy:

"The word 'deed' ordinarily denotes an instrument in writing, signed, sealed, and delivered by the grantor, whereby an interest in realty is transferred from the grantor to the grantee. (citations omitted.) The requisites to the valid delivery of a deed are threefold. They are: (1) An intention on the part of the grantor to give the instrument legal effect according to its purport and tenor; (2) the evidencing of such intention by some word or act disclosing that the grantor has put the instrument beyond his legal control, though not necessarily beyond his physical control; and (3) acquiescence by the grantee in such intention. (citations omitted.) But manual possession of the instrument by the grantee is not essential to delivery. It is sufficient if the grantor delivers the writing to some third person for the grantee's benefit. (citations omitted.) Thus, there is an effective delivery where the grantor causes the written instrument to be recorded, or leaves it with the proper officer for recording with the intention that it thereby shall pass title to the grantee according to its purport and tenor, and the act of the grantor is accompanied or followed by the assent of the grantee. (citations omitted.) In such cases, assent on the part of the grantee is presumed until the contrary is shown if the conveyance be beneficial to him. This is so although the transaction occurs without the grantee's knowledge. (citations omitted.)"

The evidence with respect to delivery came solely from the testimony of Sudie Mae Suggs, widow of Robert L. Suggs, Jr., grantee, on her adverse examination. She testified, in substance, that at the time of the death of Mrs. Emma Suggs, one of the grantors, she had no knowledge of a deed conveying to her husband the "home place" tract; that her husband first came into possession of the home place at his mother's death. She later testified as follows:

"Yes, I have some knowledge of the Deed dated December 5, 1942 and purporting to convey to my husband the home place; but I didn't think it went back as far as 1942. I know that such a Deed was in existence. I may be wrong about the date but actually I don't know. I have never seen the Deed; or if I have, I don't recall it. I don't know when I first heard about the Deed you refer to; but it was prior to the death of 'Miss Emma' Suggs. My husband got the Deed earlier but I don't know what year; but he would not accept the Deed.

When I say that 'He would not accept it,' I mean that he didn't want the Deed to the home place because he felt that he was putting his Mama and Daddy out of a home. For that reason, he did not accept it and he did not accept the Deed until after his mother died. He did not receive the Deed until after his mother died. He did not receive the Deed for the property until after his mother died. I do not know whether or not the Deed was a gift on the part of his mother and father. I do not know if he paid anything for the Deed. I do not know exactly when the Deed was given to him because I did not meddle in my husband's affairs. All I know is that he did not accept the Deed prior to his mother's death and that he did not get it until after his mother's death; that is all I know.

I may have seen the Deed to the home place. I might know where it is at this time. I never did discuss this Deed with my husband; and he never made any statements to me about it. I don't know whether he paid anything for it. I don't have any of his old checks or records."

[1] Although the findings in finding of fact No. 6 may appear to be technically inconsistent and contradictory, an analysis of the evidence and stipulations of the parties leads us to the con-

clusion that the judgment should be affirmed. The land in controversy was owned by Emma G. Suggs, mother of *femme plaintiffs* and Robert L. Suggs, Jr. The deed, which is the subject of this litigation, was executed by R. L. Suggs and his wife, Emma G. Suggs to R. L. Suggs, Jr., for the term of his natural life and after his death to his children, "if any survive him; if not, to his next of kin." The deed was dated 5 December 1942 and recorded 10 December 1949. Emma G. Suggs died 14 July 1949. R. L. Suggs died in May 1960. R. L. Suggs, Jr., died 30 June 1964 survived by his widow, six children and two grandchildren. There was evidence that R. L. Suggs, Jr., grantee, had the deed in his possession prior to the death of his mother in July 1949, and that he went into possession of the land after her death and remained in possession thereof until his death. Since his death in 1964 his children have been in possession and receiving the rents and profits. In our view, the evidence is not sufficient to rebut the presumption of delivery resulting from the registration of the deed, notwithstanding the prior death of Emma G. Suggs, one of the grantors. *Cannon v. Blair*, 229 N.C. 606, 50 S.E. 2d 732 (1948). Nor do we find that the evidence compels a conclusion that the grantee, R. L. Suggs, Jr., failed to acquiesce in the intention of grantors to give the deed legal effect according to its purport and tenor. The case is not unlike *Cannon v. Blair, supra*. There the land which was the subject of litigation was owned by David H. Blair, his wife, and the brothers and sisters of David H. Blair. In 1932 all of them conveyed the land by proper deed to David H. Blair, Adelaide Cannon Blair, and John Fries Blair, grantees, as trustees for David H. Blair, Jr., "subject to the privilege of each of the grantors to occupy, use, and enjoy the premises during his or her natural life." Upon the death of the last surviving grantor, the property was to be conveyed to David H. Blair, Jr., with provisions with respect to the possible death of David H. Blair, Jr., prior to the death of the last surviving grantor. After the death of David H. Blair, in October 1944, the deed was found unrecorded among the papers of David H. Blair and other members of the Blair family in the home on the property in question. It was then recorded. Subsequently an action was brought seeking to have the deed declared invalid. One of the grounds of attack was the alleged nondelivery of the deed by David H. Blair. The trial court found as a fact that the deed was executed and delivered by David H. Blair. On appeal, the

Supreme Court, speaking through Ervin, J., said:

> "The presumption of delivery resulting from the registration of the trust indenture of 21 September, 1932, arose in this case notwithstanding the prior death of David H. Blair. *Linker v. Linker,* 167 N.C. 651, 83 S.E. 736; *Fortune v. Hunt,* 149 N.C. 358, 63 S.E. 82. It is familiar law that 'where a deed has been registered, whether after or before the death of the grantor, it is presumed to have been delivered, and the burden shifts to the other side to rebut that presumption.' *Rogers v. Jones,* 172 N.C. 156, 90 S.E. 117.
>
> We are not inadvertent to the testimony indicating that the trust indenture was found among the papers of David H. Blair after his death. This evidence was not incompatible in any degree with the finding that the deed was delivered by David H. Blair during his lifetime. He reserved a life estate in the property covered by the deed. Moreover, he was one of the trustees who acquired legal title to the remainder in such property under the conveyance.  In consequence, he was entitled to the possession of the deed and was interested in its preservation subsequent to its delivery as much as any other person on earth. *Ratione cessante cessat ipsa lex.* Both authority and reason declare that a presumption of nondelivery of a deed does not arise from the finding of it among the grantor's effects on his death when he reserved an interest in the property or was otherwise lawfully entitled to its possession after its delivery. *Cribbs v. Walker,* 74 Ark. 104, 85 S.E. 244; *Smith v. Adams,* 4 Tex. Civ. App. 5, 23 S.W. 49."

Here the deed was in possession of the grantee prior to the death of either grantor, was recorded after the death of one of the grantors, and the grantee took possession during the lifetime of the grantor, R. L. Suggs, to whom a life estate had been reserved in the deed.

[2]    We are compelled to conclude that the evidence was not sufficient to rebut the presumption of delivery, nor was there evidence that the grantee failed to acquiesce in the grantor's intent to make the deed an effective conveyance, and that the trial court's finding that the deed was delivered to Robert L. Suggs, Jr., during the lifetime of the grantors is correct and supports the conclusion that the deed was a good and valid deed.

These conclusions compel an affirmance of the judgment of the trial court.

Affirmed.

BROCK and GRAHAM, JJ., concur.