KATIE H. WILLIAMS v. OLIVER HERRING, INDIVIDUALLY AND AS CO-EXECUTOR OF THE ESTATE OF SARA E. HERRING, DECEASED; THEODORE HERRING, INDIVIDUALLY AND AS CO-EXECUTOR OF THE ESTATE OF SARA E. HERRING, DECEASED; ELIZABETH T. HERRING; RETHA MAE SMITH; RUSSELL SMITH; CLARA PEARL LYNN; HERBERT LYNN; VELMA WRAY HOWARD; EDWARD HOWARD; LEWIS S. MILLER; TOMMY MILLER; NANCY D. MILLER; JULIAN D. MILLER; RACHEL A. MILLER; JOHN W. MILLER; DOROTHY C. MILLER; KAY MILLER MASON; A. A. MASON, JR.; JEWELL M. WHITE; IVEY L. WHITE; EDWARD MILLER; CAROL M. MILLER; PATRICIA M. HOWARD; RODNEY C. HOWARD; JACK C. MILLER; ROSE H. MILLER; JACKIE M. STROUD; H. DENNIS STROUD; ARTIE D. MILLER; DENNIS MILLER; RUTH S. MILLER; BOBBY HERRING, AND SHIRLEY HERRING

No. 724SC370

(Filed 23 August 1972)

Deeds § 7— execution and recordation — presumption of acceptance by grantee

Where a deed is executed and recorded, it is presumed that the grantee therein will accept the deed made for his benefit; hence a deed executed by the grantor and recorded conveyed interests to all of the grantees named therein, not just to those who signed the deed in accordance with its provisions since there was no evidence to rebut the presumption of acceptance by recordation with respect to any of the grantees.

APPEAL by some of the respondents from *Webb, Judge,* 13 December 1971 Session of Superior Court held in DUPLIN County.

This action commenced as a petition for partition to make an actual division of land among tenants in common. The tenants in common are the chidren and grandchildren of Sarah E. Herring. (Sometimes referred to as Sarah B. Herring). Sarah E. (B) Herring had seven children: (1) Katie H. Williams, (2) Oliver Herring, (3) Theodore Herring, (4) Retha Mae Smith, (5) Clara Pearl Lynn, (6) Velma Wray Howard, and (7) Flora H. Miller. Flora H. Miller died prior to the execution of the deed in controversy, and left surviving her twelve children.

A controversy developed over whether a deed executed by Sarah E. (B) Herring conveyed interests to all of the grantees named therein, or conveyed only to those who signed the deed in accordance with its provisions. The deed is recorded in Duplin County Deed Book 654, page 161, as follows:

"THIS DEED, made and entered into this the 24th day of September, 1968, by and between Sarah B. Herring, a widow, of Duplin County, North Carolina party of the first part, to Kate H. Williams, Oliver Herring, Theodore Herring, Retha Mae Smith, Clara Pearl Lynn, Wray Herring Howard, Lewis Stephen Miller, Tommie Miller, Julian Miller, John Miller, Katie Miller Mason, Jewel Miller White, Edward Miller, Patricia Ann Miller Howard, Jackie Miller Stroud, Jack Clifton Miller, Artie Dwight Miller, Dennis Mack Miller, said grantees to hold the lands as hereinafter set out in the proportions as hereinafter set forth, parties of the second part;

"WITNESSETH, that whereas, Sarah E. Herring is the owner of the lands as hereinafter described and that she desires to convey the same subject to her life estate in the following proportions: to Kate H. Williams a 1/7 undivided interest, to Oliver Herring a 1/7 undivided interest, to Theodore Herring a 1/7 undivided interest, to Retha Mae Smith a 1/7 undivided interest, to Clara Pearl Lynn a 1/7 undivided interest, to Wray Herring Howard a 1/7 undivided interest, to Lewis Stephen Miller, Tommie Miller, Julian Miller, John Miller, Katie Miller Mason, Jewel

Miller White, Edward Miller, Patricia Ann Miller Howard, Jackie Miller Stroud, Jack Clifton Miller, Artie Dwight Miller and Dennis Mack Miller a 1/7 undivided interest jointly, all in fee simple, subject to the life estate of Sarah E. Herring;

"And that whereas, the grantees, Kate H. Williams, Oliver Herring, Theodore Herring, Retha Mae Smith, Clara Pearl Lynn and Wray Herring Howard, are the children of Sarah E. Herring; and that whereas, the grantees, Lewis Stephen Miller, Jewel Miller White, Edward Miller, Patricia Ann Miller Howard, Jackie Miller Stroud, Jack Clifton Miller, Artie Dwight Miller and Dennis Mack Miller, are the children of the deceased child of Sarah E. Herring, to wit: Flora Herring Miller;

"And that whereas, said lands as hereinafter set forth are being further conveyed subject to the following provisions: That when said lands are divided between the grantees herein, Clara Pearl Lynn shall be allotted her share from the 46 acre tract of land owned by Sara E. Herring on which Clara Pearl Lynn now lives and resides and which was conveyed by Martha Outlaw by deed recorded in Book 475, page 410, of the Duplin County Registry, together with enough land from other lands owned by Sarah E. Herring to make the share of Clara Pearl Lynn equal in value and equal to a 1/7 undivided interest of the whole; and provided further that Oliver Herring shall be allotted his share from the lands on which he now lives and resides and which was conveyed to the grantor by Flora H. Miller by deed recorded in Book 385, page 201, of the Duplin County Registry, and the dwelling house in which he now lives shall be included as a part of his share;

"And that whereas, all of the lands hereinafter set forth are now being conveyed subject to the life estate of Sarah B. Herring and subject to each and every provision of this deed.

"*That whereas, the grantees herein join in the execution of this deed acknowledging and accepting the same to be their reasonable proportion in value of the estate of Sarah E. Herring as to said real estate.* (Emphasis Added.)

"Now THEREFORE, said Sarah E. Herring, for and in the consideration of the sum of Five Dollars to her in hand paid, the receipt of which is hereby acknowledged, does hereby bargain, sell and convey unto the parties of the second part, their heirs and assigns, so that the same shall be owned in the following proportions, to wit: Kate H. Williams shall own a 1/7 undivided interest, Oliver Herring shall own a 1/7 undivided interest, Theodore Herring shall own a 1/7 undivided interest, Retha Mae Smith shall own a 1/7 undivided interest, Clara Pearl Lynn shall own a 1/7 undivided interest, Wray Herring Howard shall own a 1/7 undivided interest, and Lewis Stephen Miller, Tommie Miller, Julian Miller, John Miller, Katie Miller Mason, Jewel Miller White, Edward Miller, Patricia Ann Miller Howard, Jackie Miller Stroud, Jack Clifton Miller, Artie Dwight Miller and Dennis Mack Miller, jointly shall own a 1/7 undivided interest; subject, however, to the life estate of Sarah E. Herring, and further subject to the provisions as hereinbefore set out, all those certain tracts or parcels of land lying and being in Glisson Township, Duplin County, North Carolina, and described as follows:

"Being all the lands which Sarah E. Herring owns in Duplin County, North Carolina, of every type and description, and particularly the lands described in deeds recorded in Book 475, page 410, and Book 385, page 201, of the Duplin County Registry, and so as to include any and all lands of every type and description, regardless of nature or size of said lands.

"To HAVE AND TO the aforesaid tracts or parcels of land and all privileges and appurtenances thereto belonging to the said parties of the second part, their heirs and assigns, subject to the life estate of Sarah E. Herring, and subject to the provisions hereinbefore set forth for the allotment of said lands, to their only use and behoof forever, so that the same shall be owned in the following proportions: Kate H. Williams shall own a 1/7 undivided interest, Oliver Herring shall own a 1/7 undivided interest, Theodore Herring shall own a 1/7 undivided interest, Retha Mae Smith shall own a 1/7 undivided interest, Clara Pearl Lynn shall own a 1/7 undivided interest, Wray Herring Howard

shall own a 1/7 undivided interest, and Lewis Stephen Miller, Tommie Miller, Julian Miller, John Miller, Katie Miller Mason, Jewel Miller White, Edward Miller, Patricia Ann Miller Howard, Jackie Miller Stroud, Jack Clifton Miller, Artie Dwight Miller and Dennis Mack Miller shall own jointly a 1/7 undivided interest.

*"It is agreed and understood that the grantees are executing this deed for the sole purpose of accepting their fair portion of the real estate of Sarah E. Herring and to signify their consent that Sarah E. Herring has power to convey the same; and that all parties are bound by this instrument.* (Emphasis Added.)

"And the said party of the first part, for herself and her heirs, executors and administrators, covenants with said parties of the second part, their heirs and assigns, that she is seized of said premises in fee and has a right to convey the same in fee simple; that the same are free and clear from all encumbrances and that she does hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever.

"IN TESTIMONY WHEREOF, the said parties of the first and second parts have hereunto set their hands and affixed their seals the day and year first above written."

Sarah E. (B) Herring died 28 May 1970 leaving a "Last Will and Testament" dated 3 October 1967 (executed prior to the execution of the above deed) wherein she sought to divide all of her realty and personalty one-seventh to each of her surviving children and one-seventh divided jointly among the twelve children of her deceased daughter Flora H. Miller.

After the execution of the above deed by Sarah E. (B) Herring, Theodore Herring conveyed his interest therein to his son Bobby Herring, a grandson, who by virtue of the deed from his father now stands in the place of one of Sarah E. (B) Herring's children.

Judge Webb concluded that it was the intention of the grantor, Sarah E. (B) Herring, to vest title to the real estate described in the deed one-seventh each in her children and one-

Williams v. Herring

seventh divided equally among the twelve Miller children. The interests of the parties to be as follows:

| NAME | RELATIONSHIP | INTEREST |
|------|--------------|----------|
| Katie H. Williams | Daughter | 1/7 |
| Oliver Herring | Son | 1/7 |
| Bobby Herring | Grandson | 1/7 |
| Retha Mae Smith | Daughter | 1/7 |
| Clara Pearl Lynn | Daughter | 1/7 |
| Velma Wray Howard | Daughter | 1/7 |
| Lewis S. Miller | Grandson | 1/84 |
| Tommy Miller | Grandson | 1/84 |
| Julian D. Miller | Grandson | 1/84 |
| John W. Miller | Grandson | 1/84 |
| Kay Miller Mason | Granddaughter | 1/84 |
| Jewell M. White | Granddaughter | 1/84 |
| Edward Miller | Grandson | 1/84 |
| Patricia M. Howard | Granddaughter | 1/84 |
| Jack C. Miller | Grandson | 1/84 |
| Jackie M. Stroud | Granddaughter | 1/84 |
| Artie D. Miller | Grandson | 1/84 |
| Dennis Miller | Grandson | 1/84 |

Thereafter Judge Webb directed that the land be divided among the parties in accordance with their respective interests, and remanded the cause to the Clerk of Superior Court for completion of the partitioning proceeding.

Some of the respondents appealed.

*Kornegay and Bruce, by George R. Kornegay, Jr., for petitioner-appellee, Katie H. Williams.*

*Chambliss, Paderick & Warrick, by Benjamin R. Warrick, for respondent-appellee, Bobby Herring.*

*Vance B. Gavin for respondent-appellee, Oliver Herring.*

*Rivers D. Johnson, Jr., for respondent-appellants, Retha Mae Smith, Clara Pearl Lynn, and Velma Wray Howard.*

*Turner & Harrison, by Fred W. Harrison, for respondent-appellants, the Miller children.*

BROCK, Judge.

Appellants argue that five of grantor's six living children failed to sign the deed. The record on appeal is conflicting on this point. The copy of subject deed as recorded by the Register of Deeds which is incorporated as an exhibit in the record on appeal fails to reflect a signature for five of the living children of Sarah E. (B) Herring. However, the notary certificate recites that five of the six children appeared on 3 January 1968 and acknowledged the due execution of the deed. The only one of the six children of Sarah E. (B) Herring who failed to acknowledge execution (and whose signature is not reflected on the exhibit) is Oliver Herring.

There is no pleading stipulation, or other explanation of the conflict in the record before us.

Appellants argue that all of the twelve Miller children, with the exception of one, accepted by signing the deed. However, we note from the exhibit in the record on appeal that five of the Miller children's signatures are not reflected, and there is no acknowledgment for these five.

Even if the record bore out appellants' assertion that only one of the six children of Sarah E. (B) Herring signed the deed, and that all but one of the twelve Miller children did sign the deed, appellants' argument blows hot and cold. We understand appellants' argument to be as follows: (1) Because of the failure of five of the six children of Sarah E. (B) Herring to sign the deed, his or her stated interest was not conveyed by Sarah E. (B) Herring; but, (2) even though one of the twelve Miller children failed to sign the deed, this one's stated interest was nevertheless conveyed.

Another point of interest which is not explained by the pleadings, stipulations, or argument relates to the dates of acknowledgments of signatures before notaries public. The dates of the acknowledgments are 18 December 1968, 30 December 1968, 3 January 1968 (sic), and 1 February 1969. The deed was then filed for recording on 3 February 1969. There is no explanation as to by whom or why the deed was filed for recording so immediately after the 1 February 1969 acknowledgment, when signatures were still missing. Did someone cut off the opportunity for the remainder of the grantees to sign the deed?

It appears to us that some of the appellants, namely Retha Mae Smith, Clara Pearl Lynn, and Wray Herring Howard, three of the six children of Sarah E. (B) Herring, are arguing that they are entitled to a judgment which is less favorable to them than the one which was entered. They do not allege, argue, or contend that they wish to refuse or reject benefits which the deed might have granted to them. 23 Am. Jur. 2d, Deeds, § 127, p. 176. Quaere, are they aggrieved parties who are entitled to appeal?

One further observation and we will proceed to a determination of the merits of the appeal. This case was submitted to Judge Webb upon the admissions in the pleadings and formal stipulations filed in the cause. Paragraph 4 of the formal stipulations recites the names of the twelve children of Flora Herring Miller (the deceased child of the grantor in the subject deed). When this stipulation was recited in paragraph 4 of the judgment entered in this cause, the name of Lewis S. Miller, one of the twelve children, was omitted, obviously by inadvertence. Paragraph 4 of the judgment entered in this cause will be modified and amended to add the name of Lewis S. Miller.

The evidence is clear and uncontradicted that the subject deed was executed by the grantor and recorded. "Where a deed is executed and recorded, it is presumed that the grantee therein will accept the deed made for his benefit. This is so, although the transaction occurs without the grantee's knowledge. Such presumption will prevail in the absence of evidence to the contrary." *Corbett v. Corbett,* 249 N.C. 585, 590, 107 S.E. 2d 165, 169; *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316; *Perry v. Suggs,* 9 N.C. App. 128, 175 S.E. 2d 696 (certiorari denied 277 N.C. 253) ; 23 Am. Jur. 2d, Deeds, § 132, p. 180. In this case there is absolutely no evidence to indicate that any of the grantees who may have failed to sign the deed were aware of its existence or content, or were ever given an opportunity to sign it. There is absolutely no evidence to indicate that anyone refused to sign the deed. There is absolutely no evidence which would tend to rebut the presumption of acceptance. Therefore, we hold that upon the record and evidence in this case acceptance by all grantees is presumed by recordation of the deed; and, absent evidence to rebut the presumption, title is vested in the grantees in the proportions provided in the deed.

In view of this disposition, it is not necessary to determine the effect of the "conditions" in the deed in the event a grantee rejected its benefits by refusing to sign it.

The judgment of the trial court, with paragraph 4 modified and amended as above provided, is correct and is

Modified and affirmed.

Judges MORRIS and HEDRICK concur.